899 F.2d 1224
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Anthony J. BATOR, Jr., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 89-15164.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1990.*
Decided April 4, 1990.
 MEMORANDUM**
 Before FLETCHER, PREGERSON and NELSON, Circuit Judges.
 
 
 1
 Appellant Anthony J. Bator, Jr. alleged in his complaint that the IRS illegally disclosed his tax return information. The IRS disclosed the information when it secured tax liens on Bator's property and when it informed the state of California of Bator's tax deficiency. The IRS filed for summary judgment arguing that its disclosure of information did not violate the Revenue Code. The district court granted summary judgment and we affirm.
 
 Factual and Procedural Background
 
 2
 Following an audit, the IRS sent appellant a statutory notice of deficiency. Bator disagreed with the results and sent the IRS a letter. He did not file a petition with the Tax Court within 90 days as permitted under 26 U.S.C. Sec. 6213. Seven months later the IRS assessed the tax. Later the IRS filed notices of tax liens on Bator's property in California and Nevada. The IRS also provided the Franchise Tax Board of the State of California (FTB) with information about Bator's 1981 tax return. Bator then brought an action seeking actual and punitive damages against the IRS under 26 U.S.C. Sec. 7431(a)(1) alleging that the IRS violated Section 6103 by wrongfully disclosing Bator's 1981 tax return information. The government filed a motion to dismiss. The district court ordered that the government's motion to dismiss be treated as one for summary judgment and granted the motion. Bator appealed. Because we find that there are no factual issues in dispute, we affirm the summary judgment.
 
 Standard of Review
 
 3
 A grant of summary judgment is reviewed de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). The appellate court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 Discussion
 
 4
 Appellant first argues that the IRS violated Sec. 6103 when it released tax information to the FTB. Although Sec. 6103 generally prohibits disclosure of tax information it permits such disclosure in certain instances. Section 6103(d)(1) provides that tax returns and return information may be disclosed to state tax officials for the purpose of administering state tax laws upon written request of the head of the state agency charged with the responsibility of administering the state law. Bator does not deny that the IRS had a standing written request from the state of California for tax information. He argues, instead, that the request was not valid because it was signed by the Acting Executive Officer who is not the "head" of the agency. This argument is frivolous.
 
 
 5
 Bator has suggested no other employee of the FTB who would more appropriately be the "head" than the executive officer; nor has he provided any argument or evidence that the executive officer is not the "head of the state agency." In addition, according to the California attorney general's signed statement in the written request agreement, it is the executive officer who is "duly empowered and authorized to bind to the terms and conditions of this agreement all officers and employees of the California." We find, as did the lower court, that the written agreement between the FTB and the IRS "satisf[ies] the requirements of section 6103(d)" and that the IRS disclosure of Bator's tax information pursuant to that agreement did not violate the Code.
 
 
 6
 Bator also argues that the court should not have accepted the written request agreement as evidence because it contained a perjured statement. As Bator alleges, Duane Jones' affidavit accompanying the agreement stated that the agreement was signed by the executive officer when in fact it was signed by the acting executive officer. This mistake, however, does not go to the substance of the affidavit and the district court did not err in accepting the agreement as evidence.
 
 
 7
 Finally, Bator contends that the IRS violated Sec. 6103 when it released his tax information in order to obtain a lien because it could not lawfully file a tax lien without a proceeding in court. This argument also is without merit. Section 6103(k)(6) authorizes disclosure of return information to an internal revenue officer or employee "with respect to the enforcement of any other provision of this title." 26 U.S.C. Sec. 6103(k)(6). Treasury Regulations specifically authorize disclosure "to apply the provisions of the Code relating to establishment of liens against such assets...." 26 C.F.R. 301.6103(k)(6)-1(b)(6). Thus, the IRS would not violate Sec. 6103 by releasing the tax information if it had legally obtained the lien.
 
 
 8
 Under Sec. 6213(c) if a taxpayer does not file a petition in Tax Court within 90 days of receiving a deficiency notice the IRS is authorized to assess the amount of the deficiency. 26 U.S.C. Sec. 6213(c). If the taxpayer refuses to pay the amount owed within 10 days of notice and demand for payment, the amount unpaid is a lien in favor of the United States. 26 U.S.C. Sec. 6321. The lien arises as of the time of assessment. 26 U.S.C. Sec. 6322. Bator does not deny that he received a 90-day notice of deficiency and more than ninety days later a notice that the deficiency had been assessed. Bator argues, instead, that even though he did not file a petition with the Tax Court or pay the amount due, the IRS could not place a lien on his property without a court hearing. It is the well-settled rule, however, that "taxpayers do not have the right to a hearing prior to collection efforts by the IRS." Todd v. United States, 849 F.2d 365, 369 (9th Cir.1988); see also Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 599 (1931). We agree with the judgment of the district court that the IRS followed the statutory requirements in filing its liens and Bator had no right to a court proceeding prior to those collection efforts. Thus, we find that the government did not violate Sec. 6103 in releasing return information pursuant to those filings.
 
 
 9
 Because we find no factual issues in dispute and that the district court correctly applied the relevant substantive law, we affirm the grant of summary judgment for the United States.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3