**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**CONTRACT MANAGEMENT, INC.,**
**Defendant–Appellee.**

**No. 89–35536.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 1990.

Decided Aug. 23, 1990.

Susan L. Barnes, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellant.

William R. Hickman and Heather Houston, Reed, McClure, Moceri, Thonn & Moriarty, Seattle, Wash., for defendant-appellee.

Before FARRIS, PREGERSON and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

The United States appeals the district court's grant of summary judgment in favor of Contract Management, Inc. (CMI). The United States seeks indemnification for a settlement it paid a CMI employee who was injured while working for CMI pursuant to its contract with the government. We affirm the district court's decision.

## FACTS AND PROCEDURAL HISTORY

The facts are not in dispute. CMI contracted with the United States to provide janitorial and maintenance services at the Puget Sound Naval Shipyard in Bremerton, Washington. While in the course of her employment, one of CMI's employees was injured when she fell over a roll of chain link fencing which Naval Public Works employees had left lying on the ground near the bottom of the steps of a building which she had been cleaning. She sued the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (1982), and the government settled the case for $160,000.

The United States brought this action against CMI, seeking indemnification for the settlement. The government conceded that CMI was not negligent and bears no responsibility for the fencing or the inadequate lighting which led to the employee's injuries. The government claimed, however, that CMI was obligated under its government contract to indemnify the government against any injuries to CMI employees. CMI maintained that the contract was ambiguous, and therefore CMI was not obligated to indemnify the United States against the government's negligence. Both parties moved for summary judgment. The district court granted summary judgment in favor of CMI, and the United States appealed.

## DISCUSSION

Neither party raises an issue of material fact. We review the district court's grant of summary judgment de novo, therefore, to determine if the court correctly applied the relevant substantive law. *See Tzung v. State Farm Fire and Casualty Co.*, 873 F.2d 1338, 1339–40 (9th Cir.1989). Contractual ambiguity is a question of law which we review de novo. *Federal Deposit Ins. Corp. v. Air Florida Sys.*, 822 F.2d 833, 836 n. 2 (9th Cir.1987), *cert. denied*, 485 U.S. 987, 108 S.Ct. 1289, 99 L.Ed.2d 500 (1988).

Section 00003, clause 38(b) of the contract between the government and CMI provides,

The Contractor shall be liable and will indemnify and hold harmless the Government, its agents and employees against all actions or claims for all damages to persons or property, including death arising or resulting from the fault, negligence, wrongful act, or wrongful omission of the Contractor, his agents or employees. The Government shall only be responsible for loss or damages to property of third persons, or injury, including death, to such persons in accordance with the Federal Tort Claims Act....

Similarly, the contract also provides that "The Contractor shall be responsible for all damages to persons and/or property that occurs as a result of his fault or negligence in connection with the prosecution of the work." Section 00004, special paragraph 3. Neither party disputes that these provisions impose liability on CMI for injuries to any person resulting from CMI's negligence.

Section 00004, special paragraph 29, however, states, "The Contractor shall indemnify and hold the Government harmless in connection with any liability which may result from injuries to or the death of any employees of the Contractor while they are doing work in accomplishment of this contract." Special paragraph 29, according to the government, deals specifically with CMI's employees, as a subset of all persons, and clearly and unambiguously obligates CMI to indemnify the government against *any* liability for injuries to CMI employees, even if the government is solely responsible for those injuries.

We disagree. In *United States v. English*, 521 F.2d 63 (9th Cir.1975), we "considered similar provisions in resolving an issue of whether the Government could demand indemnity from a contractor for damages arising from the Government's negligence." *Id.* at 67–68 (footnote omitted). In *English*, as here, the contract at issue included a general liability clause for the contractor's negligence as well as a specific clause which provided, "The Contractor shall hold and save the government, its officers and agents, free and harmless from liability of any nature occasioned by his operations." *Id.* at 67.

In *English*, we quoted extensively from the Supreme Court's decision in *United States v. Seckinger*, 397 U.S. 203, 90 S.Ct. 880, 25 L.Ed.2d 224 (1970). Most notably we emphasized " 'that a contractual provision should not be construed to permit an indemnitee to recover for his own negligence unless the court is firmly convinced that such an interpretation reflects the intention of the parties.' " *English*, 521 F.2d at 68 (quoting *Seckinger*, 397 U.S. at 211, 90 S.Ct. at 885). As did the *Seckinger* Court, we found this " 'particularly applicable to a situation in which there is a vast disparity in bargaining power and economic resources between the parties, such as exists between the United States and particular government contractors.' " *English*, 521 F.2d at 68 (quoting *Seckinger*, 397 U.S. at 212, 90 S.Ct. at 885). We found that "the contractual provisions [did] not succeed in clearly expressing a mutual intention that the contractor sh[ould] bear the burden of the *Government's* negligence." 521 F.2d at 68 (emphasis in original).

The United States attempts to distinguish special paragraph 29 from the contractual provision in *English*. First, the government notes that the *English* provision "did not specify that the parties agreed to a special indemnification liability for employees." This distinction is critical, according to the government, in light of the instant contract's requirement that CMI obtain comprehensive liability and workmen's compensation insurance. Thus, the government maintains that both parties contemplated that CMI would indemnify the

government from the United States' negligence because the contract required CMI to obtain insurance to cover CMI's liabilities.

We find that rather than supporting its argument, the contract's requirement of insurance coverage significantly undercuts the government's position. Section 00001, clause 19, and section 00003, clause 27, of the contract require CMI to procure and maintain comprehensive general liability, automobile liability, workmen's compensation, and any applicable state-mandated insurance. Specifically, under the heading "RESPONSIBILITY AND LIABILITY FOR DAMAGE OR INJURY/INSURANCE," section 00003, clause 38(d) provides, "At his expense, the Contractor shall maintain insurance for bodily injury and property damage liability *covering his own liabilities under (b) above* in amounts not less than the following...." (Emphasis added.) Subclause (b) is the general provision imposing liability on CMI only for its own negligence and on the government under the Federal Tort Claims Act. Significantly, subclause (c) required CMI to "warrant[ ] that its price includes no cost for insurance or contingency to cover ... third party liabilities for which the Government is responsible under (b) above." It would be an unconscionable anomaly to mandate that the contractor indemnify the government for its liability to third parties under the FTCA yet refuse to allow CMI to include that cost in its contract price. The parties hardly would have intended such a result.

The government counters, however, that CMI employees are a subset of "third parties" which are specifically dealt with in special paragraph 29, not clause 38. Yet the contract does not require CMI to purchase liability insurance in connection with special paragraph 29, nor does it expressly mandate insurance coverage for the government's negligence. Because the parties failed to require additional insurance coverage in connection with special paragraph 29 when they specifically included mandated insurance coverage for CMI's negligence in clause 38, we find it unlikely that both parties contemplated an expan-

sion of CMI's liability in special paragraph 29.

The government also attempts to distinguish the contract provision in *English* by pointing out that that provision specifically limited the contractor's responsibility to liability "occasioned by his operations." 521 F.2d at 67. Special paragraph 29, in contrast, provides for liability "while [CMI employees] are doing work in accomplishment of this contract." While we acknowledge a semantic difference between these two phrases, we fail to recognize any substantive distinction between them which demonstrates a clear intent that CMI would assume liability for the government's negligence.

Finally, the government argues that "the provision in *English* included neither an 'indemnify and hold harmless' clause nor an explicit reference to indemnification for injuries due to the indemnitee's negligence, the two elements the *Seckinger* Court noted were indicative of an intention to create a broad indemnification duty." Of course, neither does special paragraph 29 include an explicit reference to indemnification for injuries due to the indemnitee's, *i.e.*, the government's negligence. The *English* provision required the contractor to indemnify the government from "liability of any nature," 521 F.2d at 67, while special paragraph 29 covers "any liability." We find these phrases indistinguishable.

As for an "indemnify and hold harmless" clause, both the provision in *English* and special paragraph 29 provide that the contractor shall "hold ... the government ... harmless" from any liability. *Id.* The *English* provision does not include the word "indemnify," but we do not find the word's inclusion in special paragraph 29 talismanic. While the terms "indemnify" and "hold harmless" refer to slightly different legal remedies, we are concerned here with the condition that triggers such remedies. In determining if special paragraph 29 allows the government any recourse against CMI under circumstances of the government's sole negligence, the specific remedy available is immaterial. Moreover, the contract also uses the term "in-

demnify and hold harmless" in clause 38(b) which deals only with liability for CMI's negligence. Special paragraph 29's use of the phrase "indemnify and hold harmless," therefore, cannot be construed to demonstrate CMI's acceptance of broader liability than for its own negligence.

■ Our decision in *Howey v. United States*, 481 F.2d 1187 (9th Cir.1973), is not to the contrary. In *Howey*, we also concluded that the disputed contractual provision did not express a clear intent to require the contractor to indemnify the United States for the government's negligence. *Id.* at 1192. We found it significant that the word "indemnify" was not included in that provision, but that was only one of several factors we analyzed in reaching our decision. *See id.* at 1192–93. Whether the word "indemnify" is used in the contract provision, therefore, is but one factor to be considered in determining whether the parties clearly intended that the contractor would assume liability for the government's negligence. *See Seckinger*, 397 U.S. at 213 n. 17, 90 S.Ct. at 886 n. 17 ("we assign no talismanic significance to the absence of a 'hold harmless' clause").

In short, we find nothing in "the particular language used against the background of other indicia of the parties' intention," *id.*, which distinguishes the present contractual obligations from the contract provisions in *English*. Accordingly, we hold, as we did in *English*, that "the contractual provisions in the instant case do not succeed in clearly expressing a mutual intention that the contractor shall bear the burden of the *Government's* negligence." 521 F.2d at 68 (emphasis in original).

If the government wants to have the contractor assume responsibility for damages attributable solely to the government's negligence, we find it difficult to understand its reluctance to state so unequivocally. In *Seckinger*, the Court referred to cases holding "that there can be indemnification for the indemnitee's negligence only if this intention is explicitly stated in the contract." 397 U.S. at 211 n. 15, 90 S.Ct. at 885 n. 15. The Court quoted a suitable clause recommended by the

American Institute of Architects, *id.* at 212 n. 17, 90 S.Ct. at 886 n. 17, although it declined to hold that such a clause must explicitly state that indemnification extends to injuries occasioned by the indemnitee's negligence. Obviously, if the government explicitly requires contractors to insure the government against losses incurred by the government's negligence, the contractors will have to increase their bids substantially to underwrite such risks. If the government wishes to assume this added cost of doing business, it must express itself in a clearer fashion than it has done in this case. We refuse to construe special paragraph 29 to give the government a benefit for which it did not expressly bargain, especially in light of our continued concern over the public policy ramifications of allowing the government to shift the burden of its negligent acts to its economically weaker contractors. *See Howey,* 481 F.2d at 1192; *Northwest Airlines, Inc. v. Alaska Airlines, Inc.,* 351 F.2d 253, 257 n. 2 (9th Cir.1965).

■ CMI requests its attorney's fees on appeal as a sanction against the government for a frivolous appeal under Fed.R. App.P. 38. While we conclude that the government does not prevail on its appeal, we do not believe the result of the appeal was so obvious and the government's arguments of error were so wholly without merit that such a sanction is warranted.

### CONCLUSION

We are not "firmly convinced" that the parties intended CMI would indemnify the United States for the government's negligence. The district court's grant of summary judgment in favor of CMI, therefore, is AFFIRMED.