951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry NELSON, Plaintiff-Appellant,
v.
Kenneth DUCHARME, Defendant-Appellee.
 No. 91-35187.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1991.*
Decided Dec. 19, 1991.
 
 Before WALLACE, Chief Judge, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry Nelson, a federal prisoner, appeals pro se the district court's summary judgment in favor of defendant in his civil rights action alleging that he was deprived of his personal property without due process of law. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review a grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the United States Constitution or the laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 In his complaint, Nelson alleged that when he was transferred from Washington State Reformatory to the Federal Correctional Institution at Phoenix, Arizona ("FCI"), his property was removed from his cell and packed for shipping by prison officials without his supervision. Nelson further alleged that he did not receive all of his materials after his arrival at FCI. Nelson notified defendant DuCharme that some of his property was missing. When he still did not receive his property, Nelson filed a Standard Tort Claims form with the Washington State Office of Risk Management pursuant to Wash.Rev.Code § 4.92 et seq. Nelson's claim was ultimately denied.
 
 
 6
 Nelson's complaint alleged that he was deprived of his property without due process of law. When a state actor negligently or intentionally deprives a prisoner of property, no due process right is infringed upon so long as the state provides adequate post-deprivation remedies. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt, 451 U.S. at 544. Washington provides an adequate post-deprivation remedy, and Nelson pursued this remedy. See Wash.Rev.Code § 4.92 et seq. Further, Nelson did not challenge the adequacy of Washington's post-deprivation remedy in his complaint.[1] Thus, the district court correctly granted summary judgment for DuCharme. See Tzung, 873 F.2d at 1339-40.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Nelson asserts that he is challenging the adequacy of Washington's remedy, although he does not specify how Washington's remedy is inadequate. Generally, this court will not review issues raised for the first time on appeal absent exceptional circumstances. United States v. State of Or., 769 F.2d 1410, 1414 (9th Cir.1985). Nelson has not shown exceptional circumstances here, and accordingly we will not consider this issue