**Donald A. MERZ and Carol Merz, Plaintiffs,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 86–2448.**

United States District Court, W.D. Pennsylvania.

Jan. 26, 1988.

James H. Logan, Pittsburgh, Pa., for plaintiffs.

Paul K. Geer, Jones Gregg Creehan and Gerace, Pittsburgh, Pa., for defendant.

OPINION

GERALD J. WEBER, District Judge.

Plaintiffs have sued their homeowners insurance carrier for coverage of damage to home and personal property following a torrential rainstorm. The insurer has filed a motion for summary judgment based on certain provisions of the policies involved and both parties have submitted briefs and evidentiary materials. The essential facts are not in dispute and interpretation of the terms of the insurance policy is for the court.

FACTS

Plaintiffs own a home in Shaler Township, Pennsylvania, and carried homeowners insurance with defendant Allstate. On May 30, 1986, an exceptionally heavy rainfall occurred in the area. Although plaintiffs escaped the flash flooding of creeks which caused great property damage and loss of life to other residents of the area, the rear basement wall of the residence collapsed during the rainstorm,

causing considerable structural damage to the house as well as the loss of personal possessions.

Plaintiffs notified the insurer of the loss but after investigation, Allstate refused to pay on the basis that plaintiffs' loss falls within policy exclusions. Plaintiffs then instituted this suit.

This litigation is complicated somewhat by the fact that there are two different policies from the same insurer which are arguably applicable here. In 1984, plaintiffs contracted for defendant's Deluxe Homeowners Policy. At sometime prior to May 30, 1986, Allstate created the Deluxe Plus Homeowners Policy. Allstate claims that plaintiffs requested the Deluxe Plus Policy and their coverage was converted prior to the subject event. Plaintiffs deny this, claiming they never received a new policy, and the original policy was still in effect. We are not able to determine on this record which policy was actually in effect on May 30, 1986, but a review of the two policies reveals that the result would be the same under both.

## DISCUSSION

### 1) Deluxe Policy

■ Defendant recites its applicable policy exclusions for Dwelling Protection:

Exclusions We Do Not Cover.
We do not cover loss or damage to the property described ... resulting directly or indirectly from:
1. Water damage, meaning:
    a) flood, surface water, waves, tidal water or overflow of any body of water ...
    b) ...
    c) water below the surface of the ground. This includes water which exerts pressure on, or flows, seeps or leaks through any part of a dwelling ...
2. ...
    In addition, we do not cover loss or damage resulting from:
8. ... pressure or weight of water or ice ... to ... foundations, retaining walls, bulkheads ...

First of all, we need not deal with the flood exclusion in paragraph 1.a. Plaintiffs were not subjected to an overflowing creek, and even if we could construe the sheet of water deposited by the rain in plaintiffs' backyard as a flood, the applicability of other exclusions make it unnecessary to address this one.

Paragraph 1.c. specifically excludes damage caused by "water below the surface of the ground," including water which exerts pressure on the dwelling. Paragraph 8 restates and reinforces the exclusion.

Experts for both sides agree that the increased pressure created by the fully saturated ground was the impetus for the collapse of plaintiffs' basement wall. Such an event would plainly be within the terms of the exclusions in paragraphs 1.c. and 8.

But plaintiffs' expert contends that the true causes of the collapse were certain deficiencies in the construction of the house. According to plaintiffs' expert, the basement wall was too long, too high, too thin and improperly backfilled, rendering it unstable and incapable of withstanding the pressures exerted by the ground. He further opines that the foundation would have eventually collapsed even without the severe rainfall of May 30, 1986.

■ Even if we accepted the effort of plaintiffs' expert to sidestep the water damage exclusions, other exclusions compel the same result:

In addition, we do not cover loss or damage resulting from:
9. Wear and tear; ... deterioration; inherent vice; latent defect; ... settling, cracking, shrinking, bulging or expansion of ... foundations, walls ...

The defects which plaintiffs' expert describes are all undeniably latent defects. The width of the wall, the presence or absence of reinforcement, the nature of the backfill, the presence or absence of a French drain, were all unknowable, concealed by the ground. While plaintiffs' expert may provide grounds for a claim against the builder, the policy's specific

exclusion of coverage for latent defects compels judgment in favor of the insurer.

The Personal Property coverage is on an "insured peril" basis rather than "all risk," that is, the loss must fall within the scope of one of the perils enumerated in the policy. Only one appears to be applicable here:—

> 11. Collapse of a dwelling or any part of a dwelling, but collapse does not include bulging, cracking, expansion, settling or shrinkage.

The parties disagree on whether there was a "collapse" in this case within the meaning of the policy, but in any event this portion of the policy contains the same water damage exclusion found under Dwelling Protection. Thus the policy specifically excludes coverage for damage to personal property resulting from "water below the surface of the ground," including "water which exerts pressure on, or flows, seeps or leaks through any part of a dwelling." Plaintiffs' personal property, damaged by the water and mud which flowed through the damaged foundation, falls within the exclusion.

### 2) Deluxe Plus Policy

As described above, defendant claims it issued this new upgraded policy at plaintiffs' request, but plaintiffs deny ever having received it. The result, however, is the same as under the prior policy.

The new policy contains the same water damage exclusion contained in paragraph 1 of the prior policy. In addition the Deluxe Plus policy contains additional exclusions:

> 2. Earth movement, which includes ... mudflow, ... or the sinking, rising, shifting, expanding or contracting of the earth. This exclusion applies whether or not the earth movement is combined with water.
>
> 7. We do not cover loss resulting from:
> a) ...
> b) Defect, weakness, inadequacy, fault or unsoundness in:
> 1) ...
> 2) Design, specifications, workmanship, construction, grading, compaction.
> 3) Materials used in construction.

These are expansions of more general exclusions contained in the prior policy. In particular, the exclusion in paragraph 7 more fully defines the "latent defect" exclusion in the prior policy. Because plaintiffs' expert cites defects in construction as the cause, this exclusion clearly applies.

As for Personal Property Coverage on the Deluxe Plus policy, the same water damages exclusion applies. Consequently plaintiffs' personal property loss is not covered under the policy.

■ Finally, plaintiffs argue that the exclusions relied upon by defendant are ambiguous and unconscionable. We cannot agree. The exclusions recited above are clear and so is their application in this case. Absent the conclusory statements of counsel, there is nothing to indicate that these provisions are unconscionable. Also, plaintiffs claimed reliance on the agent's representation that this was Allstate's best policy and would cover most losses does not alter the effect of the policy exclusions. The contract governs, not puffing.

### Conclusion

Regardless of which policy applies here, plaintiffs' loss falls within the plain language of several exclusions. Summary judgment will therefore be granted in favor of defendant. The result is harsh for the homeowner, but the insurance company is entitled to the benefit of the provisions of its policy.