Fu–Kong TZUNG; Jean Tzung, Plaintiffs–Appellants,

v.

STATE FARM FIRE AND CASUALTY COMPANY, and Does 1 through 100, inclusive, Defendant–Appellee.

No. 88–5951.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 1989.

Memorandum April 4, 1989.

Decided May 9, 1989.

John F. McGuire and Neal H. Rockwood, Thorsnes, Bartolotta, McGuire & Padilla, San Diego, Cal., for plaintiffs-appellants.

Peter Abrahams and Kathy L. Eldredge, Horvitz, Levy & Amerian, Encino, Cal., William D. Hughes, Hughes & Campbell, San Diego, Cal., Jon A. Kodani, Los Angeles, Cal., for defendant-appellee.

Before CANBY, WIGGINS and O'SCANNLAIN, Circuit Judges.

WIGGINS, Circuit Judge:

Appellants Fu–Kong Tzung and Jean Tzung appeal from a summary judgment granted in favor of Appellee State Farm Fire and Casualty Company ("State Farm"). The Tzungs contend that there are material issues of fact regarding their right to receive benefits under an "all risk" insurance policy and therefore the district court erred in ruling that State Farm was entitled to judgment as a matter of law. We believe otherwise, and therefore we affirm.

## I  BACKGROUND

In July 1983 the Tzungs purchased a nine-unit apartment building located in San Diego, California. At the same time the Tzungs obtained through State Farm an "Apartment Special Form" insurance policy, which insured the apartment building "against all risks of direct physical loss" that were not otherwise specifically excluded. By April 1984 the Tzungs noticed a series of cracks in the drywall, driveway, and slab of the building, and by October 1985 the damage had become so serious that they filed a claim with State Farm. State Farm denied the claim, citing exclusions in the insurance policy for losses caused by, inter alia, earth movement; surface and sub-surface water; settling, shrinking, cracking, bulging, or expansion of pavements, walls, or floors; inherent

defects; and faulty materials or workmanship.

The Tzungs filed suit in California state court, after which State Farm removed the action to federal district court based on the parties' diversity of citizenship. State Farm subsequently filed a motion for summary judgment based on the exclusions contained in the Tzungs' insurance policy. In defense the Tzungs submitted affidavits of two experts who stated that the damage suffered by the Tzungs would not have occurred had the city of San Diego properly tested the soil or had the contractor properly constructed the building to withstand expansion of the soil. One of these experts had admitted earlier, however, that the "triggering" cause of the damage was the expansion of the soil beneath the building due to sub-surface water. Notwithstanding this deposition testimony, the Tzungs argued that the apartment building was damaged on account of third-party negligence, which they asserted was an included peril, and not solely on account of any of the causes otherwise expressly excluded.

After considering the affidavits, deposition testimony, and all the other evidence in the record, the district court concluded that there were no material disputed issues of fact and that State Farm was entitled to judgment as a matter of law. The district court reasoned that each exclusion in the policy provided an independent basis for sustaining its judgment. The district court emphasized that the Tzungs' third-party negligence theory was precluded by the exclusion in the policy for losses caused by faulty workmanship. This timely appeal followed and we have jurisdiction pursuant to 28 U.S.C. § 1291 (1982).[1]

## II  STANDARD OF REVIEW

A grant of summary judgment is reviewed de novo to determine whether, viewing the evidence in a light most favorable

---

1. We have jurisdiction notwithstanding the retention of the 100 DOE defendants in light of section 1016(a) of the Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, 102 Stat. 4669 (1988) (to be codified as amended at 28 U.S.C. § 1441(a)), which provides: "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the relevant substantive law. *Ashton v. Cory,* 780 F.2d 816, 818 (9th Cir.1986).

## III  DISCUSSION

■ Neither party disputes that one cause of the Tzungs' loss, the expansion of the soil beneath the apartment building due to subsurface water, is expressly excluded from coverage by provisions stating, "THIS POLICY DOES NOT INSURE UNDER THIS FORM AGAINST: ... C. LOSS CAUSED BY, RESULTING FROM, CONTRIBUTED TO OR AGGRAVATED BY ANY OF THE FOLLOWING: 1. EARTH MOVEMENT, INCLUDING ... EARTH SINKING; ... [AND] 4. WATER BELOW THE SURFACE OF THE GROUND...." The Tzungs contend that they are nevertheless entitled to benefits because third-party negligence in the design and construction of the apartment building is a nonexcluded peril that was "*a* concurrent proximate cause" of their loss and for which they are entitled to benefits. *State Farm Mut. Auto. Ins. Co. v. Partridge,* 10 Cal.3d 94, 104–05, 514 P.2d 123, 130, 109 Cal.Rptr. 811, 818 (1973) (emphasis in original). State Farm, on the other hand, argues that third-party negligence is not an included peril and that, even if it were, it was not the "moving" or "efficient" cause of the Tzungs' loss. *See Sabella v. Wisler,* 59 Cal.2d 21, 31, 377 P.2d 889, 895, 27 Cal.Rptr. 689, 695 (1963). We conclude, as the district court concluded below, that losses caused by third-party negligence in the design and construction of the apartment building are specifically excluded from the Tzungs' policy by provisions for faulty workmanship and inherent defects. We thus do not reach the parties' arguments concerning coverage of third-party negligence in the absence of such exclusions, or concerning which causation analysis—proximate cause or moving and efficient cause—applies to circumstances such as these.

### A.  *Exclusion for Faulty Workmanship*

Under Part V of the insurance policy, entitled "EXCLUSIONS" in bold face print, appears a provision that states, "THIS POLICY DOES NOT INSURE UNDER THIS FORM AGAINST: ... D. LOSS CAUSED BY ... 8.... FAULTY MATERIALS OR WORKMANSHIP UNLESS LOSS BY FIRE OR EXPLOSION NOT OTHERWISE EXCLUDED ENSUES...." State Farm argues that this provision prohibits the recovery for losses caused by the poor design and construction of the Tzungs' apartment building. The Tzungs argue in rebuttal that this provision is both ambiguous and inconspicuous, and therefore should be construed according to their reasonable expectations. The Tzungs' argument evolves from the fundamental principle in insurance law that an exclusion clause "is subjected to the closest possible scrutiny," and any doubt about its validity is to be resolved "in favor of the insured." *Ponder v. Blue Cross of S. Cal.,* 145 Cal. App.3d 709, 718, 193 Cal.Rptr. 632, 636 (1983).

#### 1.  *Is the Workmanship Exclusion Ambiguous?*

■ An insurance contract is ambiguous if the court finds that the language is susceptible to different interpretations. *See State Farm Mut. Auto Ins. Co. v. Elkins,* 52 Cal.App.3d 534, 538, 125 Cal.Rptr. 139, 141 (1975). But the court must construe the clause with regard to the contract as a whole, *see Holz Rubber Co. v. American Star Ins. Co.,* 14 Cal.3d 45, 56, 533 P.2d 1055, 1061, 120 Cal.Rptr. 415, 421 (1975), and its meaning is to be derived from the circumstances of the particular case and not in the abstract, *see Nabisco, Inc. v. Transport Indem. Co.,* 143 Cal.App.3d 831, 835, 192 Cal.Rptr. 207, 209 (1983). "Ambiguity cannot be based on a strained instead of reasonable interpretation of a policy's terms." *Highlands Ins. Co. v. Universal Underwriters Ins. Co.,* 92 Cal.App.3d 171, 175, 154 Cal.Rptr. 683, 685 (1979) (citations omitted).

■ We believe that only a strained interpretation of the exclusion for faulty

workmanship would permit recovery for losses caused by the negligent design and construction of the Tzungs' apartment building. The Tzungs advance essentially two arguments in support of their interpretation of the exclusion. They argue first that State Farm's new all risk policy unambiguously excludes third-party negligence and therefore the previous policy, the one insuring the Tzungs' apartment building, does not. We reject the Tzungs' reliance on the revised policy for its negative inferences. Not only do we believe that accepting such an argument would discourage remedial action and thereby violate public policy, *see McKee v. State Farm Fire & Cas. Ins. Co.*, 145 Cal.App.3d 772, 777–78, 193 Cal.Rptr. 745, 747–48 (1983),[2] but we also believe that even though the revised policy excludes *all* forms of third-party negligence it does not mean that the former policy does not exclude some forms of third-party negligence, specifically, faulty workmanship.

The Tzungs argue next that the several decisions which have construed exclusions for "faulty workmanship" have established the rule that only the "quality" of the product is excluded from coverage. *E.g.*, *City of Barre v. New Hampshire Ins. Co.*, 136 Vt. 484, 396 A.2d 121, 123 (1978). The Tzungs admit, however, that these cases relate to insurance contracts only in the context of builders' risk policies. The rule seems well settled in California that in that context losses caused *to* a product because of negligent workmanship are not covered, but damages caused *by* the negligently created product are covered. *See, e.g., Economy Lumber Co. of Oakland v. Insurance Co. of N. Am.*, 157 Cal.App.3d 641, 649–51 & n. 3, 204 Cal.Rptr. 135, 139–40 & n. 3 (1984); *Southern Cal. Edison Co. v. Harbor Ins. Co.*, 83 Cal.App.3d 747, 755–56, 148 Cal.Rptr. 106, 111 (1978). But this rule does not necessarily have any meaning in the context of this all risk policy, mainly because the exclusion here clearly states that damages caused *by* faulty workmanship are not covered unless a fire ensues.

We believe instead that an unstrained interpretation of the exclusion for "faulty workmanship" includes losses caused by defects in the design and construction of a building. *Cf. Kroll Constr. Co. v. Great Am. Ins. Co.*, 594 F.Supp. 304, 307 (N.D.Ga.1984) (" 'Faulty or defective workmanship' ... means the faulty or defective execution of *making* or doing something." (emphasis added)). Support for this interpretation is found in *Sabella* where the Supreme Court of California held an insurer liable for third-party negligence in the installation of a sewer line, which the court characterized several times as "negligent workmanship." *Sabella*, 59 Cal.2d at 28, 30, 377 P.2d at 893, 894, 27 Cal.Rptr. at 693, 694. There is little doubt that, had the insurance policy in that case also excluded losses caused by faulty workmanship, the court would have been compelled to deny recovery. Similar support is found in *Kilroy Industries v. United Pacific Insurance Co.*, 608 F.Supp. 847 (C.D. Cal.1985), where a federal district court would have found a faulty workmanship exclusion preclusive of a recovery for losses caused by the negligent design and construction of an office building except for the fact that the exclusion had been superseded by a provision that inadvertently omitted it. *Id.* at 855. We believe these cases support our conclusion that the policy involved here unambiguously excludes losses caused by the defective design and construction of the Tzungs' apartment building.

2. *Is the Workmanship Exclusion Inconspicuous?*

Aside from whether the language of an exclusion clause is precise and therefore unambiguous, "the exclusion [clause itself] must be positioned in a place and printed in a form which would attract a reader's attention." *Ponder*, 145 Cal.App.3d at 719, 193 Cal.Rptr. at 637. The Tzungs argue that the workmanship exclusion here is analogous to the exclusion in *Ponder* in that it was placed in a paragraph dealing

**2.** *But see Kilroy Indus. v. United Pac. Ins. Co.*, 608 F.Supp. 847, 854 (C.D.Cal.1985) (without addressing evidentiary basis, district court rec-

ognized that a policy was ambiguous based, in part, on an insurer's subsequent revisions to the policy).

with an unrelated concept, that is, defective machinery, and therefore would not convey the idea that losses caused by the improper design and construction of an apartment building were also excluded from coverage. This argument is not persuasive. The exclusion for faulty workmanship appears in the eighth numbered paragraph of Part V of the policy. The eighth paragraph does not have a separate heading and there is no visible reason for an insured to believe that the exclusions contained in paragraph eight relate solely to defective machinery. Therefore, the exclusion for faulty workmanship is neither inconspicuous nor ambiguous, and the Tzungs' reasonable expectation of coverage is unavailing.

### B. *Exclusion for Inherent Defect*

█ Also under Part V of the insurance policy appears a provision that states, "THIS POLICY DOES NOT INSURE UNDER THIS FORM AGAINST: ... D. LOSS CAUSED BY ... 1.... INHERENT OR LATENT DEFECTS...." In *Merz v. Allstate Insurance Co.*, 677 F.Supp. 388 (W.D.Penn.1988), a federal district court held that an insured could not recover for faulty workmanship resulting in basement flooding, reasoning that the "width of the wall, the presence or absence of reinforcement, the nature of the backfill, the presence or absence of a French drain, were all unknowable, concealed by the ground," and therefore were "undeniably latent defects." *Id.* at 389. By contrast, a federal district court held in *Essex House v. St. Paul Fire & Marine Insurance Co.*, 404 F.Supp. 978 (S.D.Ohio 1975), that an exclusion for inherent or latent defects could not preclude recovery for losses caused by design and construction errors presumably because the mistakes were readily discoverable. *See id.* at 992. Read together, these two cases suggest a general principle that defects in construction may constitute inherent or latent defects if the problems thus created are not readily discoverable.

State Farm argues that the design defects involved in this case were imbedded in the ground, and therefore were unknowable absent a close examination of an expert. The Tzungs, on the other hand, imply that the design defects were readily discoverable simply by reviewing the plans of the apartment building. The Tzungs' argument ignores the fact that their entire theory of liability is premised on the opinions of two experts who conducted a thorough examination of the apartment building and the soils beneath it. These defects, then, cannot be said to have been "readily discoverable." Accordingly, the exclusion for inherent defects provides an alternative basis for excluding the Tzungs' losses.

### IV  CONCLUSION

We agree with the district court that the losses sustained to the Tzungs' apartment building were unambiguously excluded from coverage and therefore State Farm was entitled to judgment as a matter of law. Accordingly, the judgment of the district court is AFFIRMED.