942 F.2d 790
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerald Clarence CUNNINGHAM, Plaintiff-Appellant,
v.
M. WOODMAN, et al., Defendants-Appellees.
 No. 90-16772.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Aug. 29, 1991.
 
 Before BROWNING, FARRIS and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerald Clarence Cunningham, a Nevada state prisoner, appeals pro se the district court's summary judgment in favor of the defendants, prison officials, in his 42 U.S.C. § 1983 action. Cunningham contends that the district court erred by finding that there was no genuine issue of material fact as to Cunningham's claim that he was terminated as a prison law clerk in retaliation for his legal activities. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court correctly applied the substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 "The right of access to the courts is subsumed under the first amendment right to petition the government for redress of grievances. Deliberate retaliation by state actors against an individual's exercise of this right is actionable under section 1983." Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989). Moreover, a prisoner cannot be deprived of a benefit, even one to which he is not entitled, if such deprivation is in retaliation for the exercise of constitutional rights. Perry v. Sinderman, 408 U.S. 593, 597 (1972).
 
 
 5
 If a prison inmate challenges a perceived restriction on his first amendment right to pursue legal activities, we must analyze the challenge "in terms of the legitimate policies and goals of the correctional institution in the preservation of internal order and discipline, maintenance of institutional security, and rehabilitation of prisoners." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.1985) (citing Procunier v. Martinez, 416 U.S. 396, 412 (1974)). Thus, prison officials are not liable for their alleged retaliatory actions if such actions advance the legitimate goals of the correctional institution and are narrowly tailored to achieve these goals. See id.
 
 
 6
 Here, the prison disciplinary committee charged Cunningham with issuing threats against a correctional officer and making unauthorized reproductions of documents in violation of the Prison Code of Discipline. The documents were part of Cunningham's action against the warden and the Nevada Department of Prisons. Cunningham was found not guilty on the reproduction charge but was found guilty of a reduced charge of interfering with or hindering a correctional employee in the performance of his or her duties. Cunningham does not contest this finding. Based on this violation, Cunningham was terminated from his position as prison law clerk.
 
 
 7
 Thus, the record indicates that the prison officials terminated Cunningham in the interest of maintaining discipline and furthering the legitimate goals and policies of the prison. See id. Cunningham has not set forth any additional facts to indicate that there is a genuine issue of material fact regarding his termination as law clerk. Accordingly, we find that, viewing the evidence in the light most favorable to Cunningham, there exist no genuine issues of material fact, and the district court did not err in finding that prison officials are entitled to summary judgment.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3