956 F.2d 275
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack REYNOLDS, Plaintiff-Appellant,
v.
CITY OF HENDERSON, Henderson Civil Service Board,
Defendants-Appellees.
 No. 91-15177.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1991.
Decided Feb. 24, 1992.
 
 Before POOLE, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The plaintiff, Jack Reynolds, brought a civil rights action under 42 U.S.C. § 1983 in the United States District Court for the District of Nevada alleging that the defendants deprived him of protected liberty and property interests without affording him due process of law. The district court granted the defendants' motion for summary judgment and the plaintiff appealed to this court. We review the district court's judgment de novo, construing the evidence in the light most favorable to the plaintiff, see Tzung v. State Farm Fire and Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989), and we reverse.
 
 
 3
 On Thursday, August 4, 1988, Reynolds, a landscape architect employed by the defendant City of Henderson, was called for a meeting conducted by Norman Kirshman, a private attorney retained by the city. At the meeting, Reynolds was told that complaints had been filed against him for making racial slurs and for sexually harassing his co-workers. Kirshman questioned Reynolds about specific incidents alleged in the complaints and then ended the meeting by telling Reynolds that he was going to recommend to the city manager that he be fired. Kirshman gave Reynolds the option of resigning or being fired and told him that he had until Monday, August 8 to decide.
 
 
 4
 On Monday, Reynolds refused to resign and a meeting with the city manager was scheduled for the next day. During that meeting, Reynolds denied the charges against him. However, on August 15, Reynolds was notified by the city manager that his employment had been terminated. On August 25, a newspaper article was published stating that Reynolds had been fired for sexual harassment.
 
 
 5
 Reynolds appealed to the defendant Henderson Civil Service Board. The board conducted a two day hearing, and on November 14, 1988, it affirmed the city manager's finding of misconduct. However, it found that termination of employment was an inappropriate punishment. The board ordered that Reynolds be reinstated with a 60 day suspension and a 6 month probationary period. It also ordered Reynolds to undergo mandatory training on sexual harassment.
 
 
 6
 Following Reynolds' reinstatement, another newspaper article was published. This article stated that the board had found Reynolds "guilty of sexual harassment but ... the charges didn't warrant dismissal."
 
 
 7
 Reynolds alleges that the defendants' actions deprived him of a protected liberty and property interest without due process of law. The defendants do not appear to contest that Reynolds has a protected property interest in his employment; nor could they. He is a merit protected employee, and his job is not terminable at will. Thus, he may not be fired or suspended without due process of law. See Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985).
 
 
 8
 Similarly, it is clear that, under the circumstances of this case, Reynolds has a protected liberty interest in his reputation. We have previously held that, in the employment context, a charge that impairs a reputation for honesty or moral propriety will deprive an individual of a protected liberty interest if: (1) the accuracy of the charge is contested; (2) there is some public disclosure of the charge; and (3) the charge is made in connection with termination of employment. Matthews v. Harney County, Oregon, School District No. 4, 819 F.2d 889, 891-92 (9th Cir.1987). All three requirements are met in this case. Indeed, even if we view the disruption in Reynolds' employment as suspension rather than termination, we see no difference for purposes of this case. It is uncontested that the defendants must afford Reynolds due process either to terminate or to suspend him; in those circumstances, his liberty interest in a good reputation is implicated by either action.
 
 
 9
 Because Reynolds was deprived of protected liberty and property interests, we must next determine whether, for purposes of summary judgment, he was afforded due process of law. Under Loudermill, a post-termination hearing is not adequate; Reynolds must be given a pre-termination hearing. 470 U.S. at 545-46. Construing the facts most favorably to the plaintiff, we cannot say as a matter of law that the pre-termination process provided to Reynolds was adequate.
 
 
 10
 The first meeting, on August 4, does not appear to have been a hearing at all. The meeting consisted entirely of the city's attorney's questioning of Reynolds. Indeed, even Kirshman, who conducted the meeting, appears to have believed that Reynolds' opportunity for a hearing was at a later time, probably--at least for summary judgment purposes--at the post-termination Civil Service hearing. See E.R. at 32 ("Now you have recourse, you are entitled to a hearing.... [Y]ou have got the weekend to think about it."). Accordingly, we cannot find that the first meeting provided Reynolds with an adequate pre-termination hearing.[1]
 
 
 11
 Nor can we find, on a motion for summary judgment, that the second meeting satisfies the requirements of due process. The "essential requirements of due process" are "notice and an opportunity to respond." Loudermill, 470 U.S. at 546. If the city had determined to fire Reynolds prior to the second meeting, then he was not given a meaningful opportunity to respond to the charges against him. See Mathews, 819 F.2d at 893. On the basis of the record before us, there is a genuine issue of material fact regarding when the decision to fire Reynolds was made.
 
 
 12
 During the first meeting, Kirshman suggested that his recommendation to fire Reynolds would be conclusive. He stated that "[w]ith what is going on in this world, there is no way that [the city manager] can bury these things based upon what you are saying. He has either got to present it to a full-blown hearing if you appeal his determination, or he has got to accept your resignation." That the recommendation was conclusive, so that the city manager decided to fire Reynolds prior to the second meeting, is supported by the conduct of the second meeting, which (according to the plaintiff) began with a statement from the city manager that "[b]ased on the recommendation from Mr. Kirshman I have no other choice but to terminate you."
 
 
 13
 On the basis of the record before us, and construing the evidence in favor of the plaintiff, there remains a genuine issue of material fact regarding when the decision to terminate Reynolds was made. For this reason alone, we cannot find that the second meeting was adequate. We need not consider, therefore, whether any of Reynolds' other arguments with respect to the inadequacy of that meeting as a pre-termination hearing are meritorious. The district court's grant of summary judgment in favor of the defendants must be REVERSED and the case REMANDED for further proceedings; which is
 
 
 14
 ACCORDINGLY DONE.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided for by 9th Cir.R. 21
 
 
 [1]
 For this reason, we need not consider whether the district court's determination that Reynolds received adequate notice was correct