956 F.2d 274
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BENEQUITY PROPERTIES, Plaintiff-Appellant,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,
Defendant-Appellee.
 No. 90-55866.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 13, 1991.
Decided Feb. 28, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff, Benequity Properties ("Benequity"), appeals the district court's grant of summary judgment in favor of defendant, National Union Fire Insurance Company of Pittsburgh, Pa. ("National"). Benequity instituted this action after National refused to defend Benequity against a counterclaim brought by the receiver for Transit Casualty Corp, one of Benequity's subsidiaries, for breach of fiduciary duty.[1] The district court held that the Pension Trust Liability Policy ("the Policy") issued by National to Benequity's predecessor in interest imposed a duty to defend in cases involving ERISA fiduciary responsibilities, but not in cases involving a parent corporation's fiduciary duties to its subsidiary. Because we agree with the district court that "the underlying dispute is one of intercorporate responsibilities of a parent to a subsidiary, and has nothing to do with ERISA fiduciary responsibilities," we affirm.
 
 
 3
 This court reviews a grant of summary judgment de novo. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339 (9th Cir.1989). Our task is "to determine whether, viewing the evidence in a light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the relevant substantive law." Id. at 1339-40 (citation omitted).
 
 
 4
 The Policy provides coverage against "loss because of any Breach of Fiduciary Duty (as herein defined) ... and arising solely out of the insured's capacity as a fiduciary (as defined in the Employee Retirement Income Security Act of 1974) of any Plan named in Item 1(a) of the Declarations." Breach of Fiduciary Duty is "the violation of any of the responsibilities, obligations or duties imposed upon fiduciaries by the Employee Retirement Income Security Act of 1974 or amendments thereto or the common or statutory law of the United States of America or any State or other jurisdiction therein with respect to any Plan named in Item 1(a) of the Declarations." (emphasis added).
 
 
 5
 Benequity's contention that the reference to the common law indicates that the duty to defend covers fiduciary breaches in addition to those connected to an ERISA plan is incorrect. Reading the plain language of the Policy, it is clear that the coverage only extends to breaches of fiduciary duties in connection with an ERISA plan. See AIU Insurance Co. v. Superior Court, 799 P.2d 1253, 1264 (Cal.1990) ("clear and explicit meaning" governs judicial interpretation of insurance contracts). A straightforward reading reveals that the Policy covers loss arising from the violation of duties "imposed upon fiduciaries ... with respect to any Plan...." Thus, we agree with the district court's interpretation of the Policy.
 
 
 6
 We also agree that Benequity's management of the surplus funds from a terminated ERISA plan involved intercorporate responsibilities between a parent and a subsidiary, and as such, did not involve ERISA. "ERISA does not prohibit an employer from acting in accordance with its interests as employer when not administering the plan or investing its assets." Phillips v. Amoco Oil Co., 799 F.2d 1464, 1471 (11th Cir.1986), cert. denied, 481 U.S. 1016 (1987); see also Cunha v. Ward Foods, Inc., 804 F.2d 1418, 1432 (9th Cir.1986) (decision to terminate pension plan not made in capacity of ERISA fiduciary); Amato v. Western Union Int'l, Inc., 773 F.2d 1402, 1417 (2d Cir.1985) (decision to amend pension plan made as corporate employer). Because the distribution of surplus funds occurred after termination of the plan and payment of the accrued benefits, Benequity was functioning as a corporate employer, not as a "plan administrator." Amato, 773 F.2d at 1416-17. Its business decision therefore did not implicate ERISA fiduciary duties.
 
 
 7
 We conclude that as a matter of law, National did not have a duty to defend the action between Benequity and Transit. The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Benequity originally filed the action in state court, and National removed to the federal district court based on diversity of citizenship jurisdiction, 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291