8 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jarhon MASON, by his mother and next friend Gaybrelia MASON,
Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee,
v.
CONTRACT SERVICES, Third-party-defendant-Appellee,
v.
UNITED STATES of America, Defendant-third-party-plaintiff-Appellee.
 No. 92-55498.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 3, 1993.
Decided Sept. 17, 1993.
 
 Before: NORRIS, WIGGINS, and O'SCANNLAIN, Circuit Judges
 MEMORANDUM*
 Jarhon Mason appeals the district court's grant of summary judgment in his Federal Tort Claims Act (FTCA) suit against the United States Government. We review de novo a grant of summary judgment. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. See Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 In granting summary judgment against Mason, the district court stated:
 Defendant states that third-party defendant Contracting Services, Inc. was a contractor to the United States and the entity responsible for picking up the mail box. Plaintiff does not dispute this factual assertion, nor does he dispute that the FTCA excludes contractors as federal employees. Rather, plaintiff contends that under Rowland v. Christian, 69 Cal.2d 108 (1968), defendant should be liable as an occupier of land for failure to warn or repair a condition. The Court cannot agree. If Rowland, state case law, were to control in this case, the provision in the FTCA excepting the acts of contractors from creating liability for the United States would be preempted. When federal law with an appropriate federal objective and state law conflict, federal law controls. Perez v. Campbell, 402 U.S. 637 (1971).
 The district court's conclusion is in error. Mason does not premise his claim of liability on any act or omission of the independent contractor, Contract Services, Inc. Instead, Mason premises his claim of liability on the failure of Government employees to fulfill their nondelegable California State law duty as an occupier of land to warn or repair a condition. See Rowland v. Christian, 443 P.2d 561 (Cal.1968). Whereas the FTCA would shield the Government from liability in the former case, it does not in the latter. See 28 U.S.C. § 1346(b) (waiving the United States' sovereign immunity for the "negligent or wrongful act or omission of any employee of the Government") (emphasis added). Thus, there is no conflict between California State law and the FTCA in this case, and the district court erred in granting summary judgment against Mason in his personal injury suit against the Government.
 The Government contends that, because Mason originally served his two claims for damages on the United States Post Office, and not on the occupier of the land upon which his injury occurred, the Department of the Navy, Mason's suit was not properly before the district court. See 28 U.S.C. § 2675 (no suit may be instituted on a claim until it has either been denied by the agency or six months has passed without a final administrative disposition). We disagree.
 Under 28 C.F.R. § 14.2(b)(1):
 A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the appropriate agency can be identified from the claim, and advise the claimant of the transfer. If transfer is not feasible the claim shall be returned to the claimant.
 Because Mason's claims for damages to the United States Post Office clearly identified, by the address indicated, Camp Pendleton as the site of Mason's injury, the United States Post Office should have transferred those claims to the Department of the Navy. It did not. Moreover, since this suit was instituted, Mason served a claim for damages upon the Department of the Navy. With six months elapsed without action since Mason served that claim, Mason could now institute suit in the district court against the Department of the Navy. See 28 U.S.C. § 2675. Thus, because Mason's claim should have been transferred to the Department of the Navy in the first place, because nothing would be gained by forcing Mason to refile his lawsuit in the district court now, and because the Government is not prejudiced by allowing Mason's suit to continue, we conclude that Mason's suit was properly before the district court.
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3