72 F.3d 136
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
$1,102,720.00 U.S. CURRENCY, Defendant,
Marla Fields, Claimant-Appellant.
 No. 94-56302.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1995.*
Decided Dec. 15, 1995.
 
 Before: ALDISERT,** FARRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Marla Fields appeals the district court's grant of summary judgment in favor of the United States in the government's civil forfeiture action under 31 U.S.C. Sec. 5317(c). We have jurisdiction under 28 U.S.C. Sec. 1291. Because genuine issues of material fact remain and because, in light of our recent decision in United States v. $69,292.00 in U.S. Currency, 62 F.3d 1161 (9th Cir.1995), the district court erred in concluding that the Eighth Amendment's Excessive Fines Clause does not apply to forfeitures under Sec. 5317(c), we reverse and remand.
 
 
 3
 * With regard to the money that Fields' husband brought into the United States, Fields contends that she is entitled to relief under the innocent owner exception described in Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663 (1974), and applied to Sec. 5317 forfeitures in $69,292.00 in U.S. Currency, 62 F.3d at 1165. To take advantage of the innocent owner exception at trial, Fields would have to demonstrate that she has an ownership interest in the currency, that her husband's failure to report the currency was done without her knowledge or consent, and that she "took all reasonable steps to prevent" the violation. Id.
 
 
 4
 It is undisputed that Fields made no effort to discover the legal requirements for exporting currency, but her failure to do so is not enough to establish that Fields was unreasonable as a matter of law. Id. at 1166. We must view the evidence in the light most favorable to Fields, Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989), and Fields may defeat the motion for summary judgment solely on the basis of self-serving declarations, United States v. 1 Parcel of Real Property, Lot 4, Block 5 of Eaton Acres, 904 F.2d 487, 492 (9th Cir.1990). Viewing the evidence in this light, we conclude that a reasonable jury could find that Fields was reasonable in presuming that her husband "would act lawfully even without explicit instructions to do so." $69,292.00 in U.S. Currency, 62 F.3d at 1166. Accordingly, a genuine issue of material fact exists as to whether Fields is an "innocent owner."
 
 II
 
 5
 With regard to the money that Fields herself brought into the United States, Fields contends that forfeiture would violate Due Process because she had no notice that reporting was required. This argument fails because knowledge of the reporting requirement is not an element of Sec. 5316. United States v. $122,043.00 in U.S. Currency, 792 F.2d 1470, 1474 (9th Cir.1986). The fact that Fields was entering, rather than leaving, the United States makes no difference. See United States v. $47,980 in Canadian Currency, 804 F.2d 1085, 1090 (9th Cir.1986) (knowledge of reporting requirement not an element where claimant entered the United States from Canada).
 
 
 6
 Fields contends that notice is nonetheless required, directing us to a Second Circuit case, United States v. $359,500 in U.S. Currency, 828 F.2d 930 (2d Cir.1987). In that case, the Second Circuit expressed concern that forfeiture might be unfair "when the government has taken no steps whatsoever to provide reasonable notice of the requirement[,]" but added that "[w]e could without hesitation countenance the seizure and forfeiture ... if the government had made a reasonable effort" to give notice. Id. at 935. Fields does not deny that the government made a "reasonable effort" to provide her with notice; whether Fields in fact had notice is of no moment.
 
 III
 
 7
 Although requiring Fields to forfeit the money she brought into the country does not violate the Due Process Clause, we nevertheless remand so that the district court can determine whether such a forfeiture constitutes an excessive fine in violation of the Eighth Amendment. The district court's conclusion that the Eighth Amendment does not apply to Sec. 5317 forfeitures is erroneous in light of our recent holding in $69,292.00 in U.S. Currency, 62 F.3d at 1166-67, that Sec. 5317 may violate the Excessive Fines Clause under Austin v. United States, 113 S.Ct. 2801 (1993). We therefore remand so that the district court can apply the factors set forth in United States v. Real Property Located in El Dorado County, 59 F.3d 974 (9th Cir.1995), and determine whether the forfeiture in this case violates the Eighth Amendment.
 
 
 8
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Ruggero J. Aldisert, Senior Circuit Judge for the Third Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3