FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10400 |
| Plaintiff - Appellee, | D.C. No. 4:14-cr-00444-CKJ-BGM-1 |
| v. | |
| ADALBERTO MURGUIA-RODRIGUEZ, AKA Adalberto Rodriguez-Murguia, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted August 11, 2015
San Francisco, California

Before: REINHARDT, TASHIMA, and CALLAHAN, Circuit Judges.

Defendant Murguia-Rodriguez was convicted of possession with intent to

distribute marijuana after a stipulated facts trial. In an opinion filed concurrently

with this disposition, we address Murguia-Rodriguez's challenges to his sentence

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and hold that he is entitled to a new sentencing hearing on the ground that he was deprived of a court-appointed interpreter in violation of the Court Interpreters Act. There, we vacate his sentence and remand for a new sentencing hearing. Here, we address Murguia-Rodriguez's challenge to his conviction on the ground that the district court failed to ensure that his stipulation was both knowing and voluntary. Because there is no basis in precedent or in the record for this contention, we affirm his conviction.

A defendant may stipulate as to facts that ordinarily must be proven at trial so long as the defendant knowingly and voluntarily agrees to the stipulation. *Adams v. Peterson*, 968 F.2d 835, 843 (9th Cir. 1992). Further, "[i]t is the responsibility of the trial judge when accepting a stipulation or waiver to assure that it is voluntarily made." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986). Unlike guilty pleas, however, a trial court need not "question the defendants personally as to the voluntariness of any stipulation of a crucial fact." *United States v. Ferreboeuf*, 632 F.2d 832, 836 (9th Cir. 1980). Where, as happened here, the stipulation "is entered into the record in open court in the presence of the defendant, and [it] is agreed to by defendant's acknowledged counsel, the trial court may reasonably assume that the defendant is aware of the content and agrees to it through his or her attorney." *Id.*

2

Murguia-Rodriguez contends that, even if the trial judge need not originally engage in a thorough colloquy, when subsequent developments during trial raise a serious question as to the assumption that the stipulation is knowing and voluntary, the judge must halt proceedings to question the defendant about the stipulation. We need not address this contention because nothing in this record would have raised serious questions about the knowing or voluntary nature of the stipulation.

Murguia-Rodriguez's stipulation stated that law enforcement found 60 kilograms of marijuana inside a vehicle that he had been driving at the time the drugs were seized. At trial, he testified that once he had conferred with his attorney, he agreed to stipulate that the marijuana had been found in the truck. He further testified that, at the time he had been pulled over by law enforcement, he was unaware of the marijuana's presence, and in fact, never saw the marijuana—not even when he was arrested. Contrary to his assertions, this testimony does not raise a serious question as to the knowing and voluntary nature of his stipulation. In fact, this testimony is consistent with the facts listed in his stipulation and suggests that the stipulation was part of his trial strategy. Under these circumstances, no further questioning was required by the presiding judge. Accordingly, we affirm Murguia-Rodriguez's conviction.

Conviction **AFFIRMED**.