**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

IN-N-OUT BURGERS, a California corporation,

          Plaintiff-Appellant,

   v.

ZURICH AMERICAN INSURANCE COMPANY,

          Defendant-Appellee.

No.   22-55266

D.C. No.
8:20-cv-01000-JLS-ADS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted March 7, 2023[**]
Pasadena, California

Before:  CALLAHAN, FORREST, and H.A. THOMAS, Circuit Judges.

     Plaintiff In-N-Out Burgers (In-N-Out) seeks coverage from its property

insurer, Zurich American Insurance Co. (Zurich), for losses it argues were

sustained as a result of the COVID-19 virus.  The district court dismissed In-N-

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Out's consolidated amended complaint for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review *de novo* the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6) and can affirm on any ground supported by the record. *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). Under California law, interpretation of an insurance policy is a question of law. *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 18 (1995).

In-N-Out has alleged losses due to the presence of the COVID-19 virus on its properties. All of the coverage provisions invoked by In-N-Out in the operative complaint apply only in situations where there is "direct physical loss of or damage to" property. In-N-Out argues this requirement is met by the presence of the COVID-19 virus at its premises. Assuming arguendo that the presence of the COVID-19 virus could constitute "direct physical loss of or damage to" property, the policy's contamination exclusion precludes coverage here.[1]

The contamination exclusion bars recovery due to contamination, defined to

---

[1] In-N-Out filed multiple requests to stay this case pending resolution of proceedings concerning the certified question in *Another Planet Entertainment, LLC v. Vigilant Insurance Co.*, 56 F.4th 730, 734 (9th Cir. 2022). *See* Dkt. Nos. 30, 39. Because the contamination exclusion controls the outcome of this case, we decline to stay proceedings and make no holding as to whether the presence of COVID-19 can constitute "direct physical loss of or damage to" property. We also decline In-N-Out's request to certify a question to the Supreme Court of California that is duplicative of what is contemplated in *Another Planet*.

include "any condition of property due to the actual presence of any foreign substance, impurity, pollutant, hazardous material, poison, toxin, pathogen or pathogenic organism, bacteria, virus, disease causing or illness causing agent, Fungus, mold or mildew." To the extent In-N-Out relies on the presence of the COVID-19 virus on its property, its own theory of recovery bars coverage.

In-N-Out's contentions that the contamination exclusion was modified by the "Louisiana Endorsement" are not convincing for the reasons given in *American International Specialty Lines Insurance Co. v. Continental Casualty Insurance Co.*, 49 Cal. Rptr. 3d 1, 14–15 (Ct. App. 2006). The Louisiana Endorsement, as the name suggests, does not apply to properties in California, Arizona, Nevada, Utah, Oregon, Texas, or Colorado. In-N-Out's argument that the policy's title provision in section 6.20 distinguishes it from the policy in *American International* is not reasonable. Reading the policy as argued by In-N-Out would require applying multiple state-specific endorsements with mutually contradictory terms, leading to absurd results. *See Eith v. Ketelhut*, 242 Cal. Rptr. 3d 566, 580 (Ct. App. 2018) (noting courts should avoid an interpretation of a contract which will cause absurd results). Considering the Louisiana Endorsement in the context of the whole document, including its placement in a list of thirty-one state-specific endorsements, no reasonable reader of the policy would expect the Louisiana Endorsement or any other state-specific endorsement to apply outside of the

3

particular state at issue. *See Waller*, 11 Cal. 4th at 18–19 ("[L]anguage in a contract must be interpreted as a whole . . . [c]ourts will not strain to create an ambiguity where none exists." (citations omitted)); *Union Oil Co. v. Int'l Ins. Co.*, 44 Cal. Rptr. 2d 4, 7 (Ct. App. 1995) ("Language in a contract must be construed in the context of that instrument as a whole . . . ." (cleaned up)).

The fact that Zurich later amended its Louisiana Endorsement to explicitly reference its state-specific application is irrelevant. *See Tzung v. State Farm Fire & Cas. Co.*, 873 F.2d 1338, 1341 (9th Cir. 1989) (rejecting the plaintiff's arguments related to subsequently revised policy language); *McKee v. State Farm Fire & Cas. Co.*, 193 Cal. Rptr. 745, 748 (Ct. App. 1983) (finding evidence of subsequent revisions of an exclusionary clause was irrelevant).

Because In-N-Out is barred from recovery by the contamination exclusion, the dismissal by the district court is **AFFIRMED.**