962 F.2d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alvin Howard CANELL, Plaintiff-Appellant,
v.
MULTNOMAH COUNTY SHERIFF, Multnomah County, Oregon,
Defendant-Appellee.
 No. 91-35168.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 4, 1992.*
Decided May 8, 1992.
 
 1
 Before WALLACE, Chief Judge, GOODWIN, Circuit Judge, and CROCKER,** District Judge.
 
 MEMORANDUM
 
 2
 Oregon state prisoner Canell appeals the summary judgment in favor of the Multnomah County Sheriff (Sheriff) and several other persons in a civil rights action under 42 U.S.C. § 1983. Canell contends that he was deprived of due process, denied equal protection, and subjected to false imprisonment. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 We review the summary judgment de novo. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339 (9th Cir.1989). We must determine "whether, viewing the evidence in a light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the district court applied the relevant substantive law." Id. at 1339-40.
 
 
 4
 Canell argues that the Sheriff improperly entered a detainer informing state corrections officials that Canell had been convicted and sentenced to serve 30 days in the Multnomah County Detention Center. Canell argues that the detainer should not have been entered because he had been previously detained more than 30 days in the Multnomah County Detention Center. He contends that this time should have been immediately credited against his 30-day sentence pursuant to Oregon state law. Canell argues that, as a result of the detainer, he was denied certain opportunities within the state corrections program. After Canell filed this suit, Multnomah County apparently agreed to release the detainer.
 
 
 5
 Under Oregon state law, the time that a defendant is imprisoned after arrest and prior to the commencement of the term specified in the judgment is credited towards the term of the sentence. See Or.Rev.Stat. § 137.320(4) (1991). According to Griffin, the corrections records supervisor in the Sheriff's office, a defendant is credited for presentence time served when the defendant is returned to Multnomah County and the sentence is executed. Although Canell completed his initial state prison sentence, he was not returned to Multnomah County to serve his 30-day sentence. Instead, he began to serve a sentence on an unrelated conviction. Thus, Canell was not credited for his presentence time because he was never returned to Multnomah County for the execution of his 30-day sentence.
 
 
 6
 The county officials' interpretation of Oregon law is amply supported by the statutory text. Oregon law provides that "[t]he sheriff shall compute the time the defendant was imprisoned after arrest and prior to the commencement of the term specified in the judgment." Or.Rev.Stat. § 137.320(4) (1991). The plain language of this provision indicates that a defendant should receive credit for all time served prior to the commencement of his or her sentence. Therefore, the logical time to calculate the time served would be when the defendant is delivered and the sentence begins.
 
 
 7
 Canell did not present any evidence to indicate that the Sheriff was obligated to calculate Canell's credit and sentence before issuing the detainer. Moreover, no Oregon state statute expressly sets forth such a requirement. Accordingly, the detainer was valid. The county officials were also not responsible for any error that may have occurred because Canell began to serve another sentence for an unrelated crime before being returned to the Sheriff. Canell's other contentions are also meritless. Therefore, the district court did not err by granting summary judgment against Canell.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable M.D. Crocker, United States District Judge, Eastern District of California, sitting by designation