967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Lee DIXON, Plaintiff-Appellant,
v.
Peter DEMOSTHENES, et al. Defendants-Appellees.
 No. 91-16071.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 19, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Lee Dixon, a Nevada state prisoner, appeals pro se the district court's summary judgment in favor of the defendants, prison officials, in his 42 U.S.C. § 1983 action. Dixon's complaint alleged that the defendants violated his civil rights by returning mail he sent to his co-defendant and alleged common law wife at another Nevada state prison facility. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Background
 
 
 4
 On June 22, 1989, Dixon requested permission to engage in inter-institutional correspondence with his co-defendant and alleged common law wife, Cynthia Nieves. Dixon eventually was granted permission by the warden of his prison to engage in legal correspondence with Nieves based on their relationship as co-defendants. On June 12, 1989, Nieves also applied to correspond with Dixon based upon their purported common law relationship, but not based upon their relationship as co-defendants. The warden of her prison denied the request because the common law marriage could not be confirmed. Nieves's file contained a presentence report dated April 25, 1989 which stated that Nieves was separated from, but still married to, Edward Nieves.
 
 
 5
 Dixon allegedly mailed a letter to Nieves on August 17, 1989, which was undelivered and returned by prison officials. Prison officials contend that the letter was returned because Nieves had not obtained permission to engage in inter-institutional correspondence with Dixon from the warden of her prison. On August 22, 1989, Nieves reapplied for permission to correspond with Dixon. This time, the request was based upon their relationship as co-defendants and was granted on August 30, 1989.
 
 II
 Merits
 
 6
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 7
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the United States Constitution or the laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 8
 Although an inmate does have the right to send and receive mail, the right is not absolute; prison officials may restrict the flow of inmate mail so long as the restriction is "reasonably related to legitimate penological interests." Thornburgh v. Abbott, 109 S.Ct. 1874, 1881 (1989). Under Nevada's Department of Prisons Administrative Directive No. 20-89, inter-institutional correspondences are permitted between spouses, immediate family members, and "common law partners" upon verification of the relationship and approval by the wardens of both facilities. In addition, legal correspondence is permitted between co-defendants under the same conditions.
 
 
 9
 Here, Dixon argues that once he was granted permission to correspond with Nieves, his mail should have been delivered to Nieves even though she had not requested nor been granted permission to correspond with Dixon as a co-defendant and had been denied correspondence with Dixon as a common law partner. This contention lacks merit. Because Nevada's Department of Prisons Administrative Directive No. 20-89 requires approval by both wardens and because this restriction is "reasonably related to legitimate penological interests," the district court correctly concluded that no genuine issue of material fact existed regarding Dixon's claim that his constitutional rights had been violated. See Abbott, 109 S.Ct. at 1881. Moreover, once Nieves clarified her relationship to Dixon as a co-defendant, prison officials promptly allowed legal correspondences between them. Given these circumstances, the district court did not err in granting summary judgment in favor of the defendants. See Tzung, 873 F.2d at 1339-40.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4. Accordingly, Dixon's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3