974 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Terry HOOD, a/k/a James Herman Pritchett, Plaintiff-Appellant,
v.
Jerry HILL, (CV-84-2098),
William Terry HOOD,
v.
Officer BROOKS, # A1338, Defendant-Appellee.
 No. 86-15073.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 2, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Terry Hood appeals pro se the district court's summary judgment in favor of defendants in his consolidated actions alleging violation of his civil rights pursuant to 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and affirm.
 
 
 3
 * Action No. 84-1823
 
 
 4
 In action No. 84-1823, Hood alleged that prison officials failed to provide him with several small meals daily, which was medically necessary because 60% of his stomach had been surgically removed due to stomach cancer. Hood alleged that this constituted deliberate indifference to serious medical needs in violation of the eighth amendment. Hood sought injunctive relief.
 
 
 5
 The district court granted summary judgment on the ground that the action was moot. An action is moot if the court can no longer grant effective relief. United States v. Oregon, 718 F.2d 299, 302 (9th Cir.1983). Here, Hood was housed in Maricopa County Jail at the time he filed this action. He sought injunctive relief consisting of a transfer to a facility more suited to taking care of his medical needs, transfer to a hospital, or transfer to "Texas detainer." It is undisputed that Hood is no longer housed in Maricopa County Jail. Thus, his claims for injunctive relief related to Maricopa County Jail's policies are moot. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991) (action requesting injunctive relief becomes moot when prisoner is transferred from facility). Accordingly, we affirm the district court's summary judgment in action No. 84-1823.
 
 II
 Action No. 84-2098
 
 6
 In action No. 84-2098, Hood alleged that defendant Brooks intentionally closed Hood in his cell door, resulting in back injury. Hood alleged that this constituted excessive force in violation of the eighth amendment. Hood also named defendant Sheriff Hill in this action. Hood sought injunctive relief and damages.[1]
 
 
 7
 The district court granted summary judgment in favor of Sheriff Hill on the ground that Hill could not be held liable under a respondeat superior theory. A supervisor cannot be held liable under section 1983 for the constitutional deprivations caused by subordinates, absent participation, direction, or failure to train. Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir.1984). Here, Hood failed to allege facts or provide evidence to show that Sheriff Hill participated or directed Brooks' action, or that Brooks acted pursuant to a policy authorized by Sheriff Hill. Hood's claims against Sheriff are based on a respondeat superior theory. Accordingly, the district court correctly granted summary judgment in favor of defendant Hill. See id.
 
 
 8
 The district court granted summary judgment for defendant Brooks on Hood's excessive force claim for damages. Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). To state a claim for use of excessive force in violation of the eighth amendment, a prisoner must show that prison officials maliciously and sadistically used force to cause harm. Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992).
 
 
 9
 Here, Hood alleged that Brooks assaulted him by deliberately closing the automatic cell door on Hood. In support of his motion for summary judgment, Brooks submitted his own affidavit stating that he warned Hood that he was closing the door and Hood deliberately blocked the door to prevent it from closing. Brooks also submitted the affidavit of a prison official stating that Hood's cell had a mechanical sliding door which was operated by a switch located in the hall, and it took 6 seconds for the door to close.
 
 
 10
 In response, Hood stated that Brooks deliberately closed the door on him and he did not see it closing. Hood also submitted the affidavit of a cellmate stating that he "had the opportunity to be present when officer Brooks shut [M]r. Hood up in the doors simply because he did not like him asking for his food." Although Hood also alleged that the doors could be closed "instantaneously," he provided no evidence in support of this allegation.
 
 
 11
 Given this evidence, the district court correctly found that Hood failed to provide significant probative, credible evidence that Brooks caused his injury by deliberately closing the cell door on him. See Taylor, 880 F.2d at 1045. Accordingly, the district court correctly granted summary judgment in favor of defendant Brooks on Hood's excessive force claim. See Hudson, 112 S.Ct. at 1000.[2]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hood sought the discharge of defendant Brooks from his position as a prison employee and release from prison. The district court correctly dismissed these claims for injunctive relief because they are beyond the scope of a section 1983 action. See 42 U.S.C. § 1983; Preiser v. Rodriguez, 411 U.S. 475, 490 (1973) (petition for habeas is appropriate remedy for attacking fact or length of confinement)
 
 
 [2]
 Hood also contends that the district court erred by denying his motion to compel discovery prior to granting summary judgment. This argument lacks merit. Hood failed to identify what specific, relevant information he sought to discover which could raise a triable issue of fact. See Fed.R.Civ.P. 56(f); Visa Int'l Serv. Ass'n v. Bankcard Holders of America, 784 F.2d 1472, 1475 (9th Cir.1986)