977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Martha Elena GOMEZ, Plaintiff-Appellant,
v.
Loy HAYES, Defendant-Appellee.
 No. 92-15347.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Oct. 1, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martha Gomez, a federal prisoner, appeals pro se the district court's summary judgment in her Federal Tort Claims Act, 28 U.S.C. § 2672, action seeking damages for prison officials' allegedly negligent destruction of her bracelets as contraband. We have jurisdiction pursuant to 28 U.S.C. § 1291 and reverse and remand.
 
 
 3
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). To show existence of a genuine issue, the nonmoving party must present some significant probative evidence establishing each element on which she bears the burden of proof at trial. Smolen v. Deloitte, Haskins, & Sells, 921 F.2d 959, 963 (9th Cir.1990).
 
 
 4
 Gomez filed this action on April 23, 1991, and was granted leave to proceed in forma pauperis. The district court then ordered defendants to investigate Gomez's allegations and file a special report, in compliance with Fed.R.Civ.P. 56, providing a detailed factual account of the incident. On August 15, 1991, defendants filed their report and attached affidavits and exhibits to support it. Gomez failed to respond. On January 3, 1992, the district court granted summary judgment in favor of defendants.
 
 
 5
 A federal prisoner may maintain an action for damages against the United States under the FTCA for injuries sustained as a result of negligence on the part of a government employee. United States v. Muniz, 374 U.S. 150, 158 (1963). Federal prisoners are restricted as to the personal property they may possess. See 28 CFR § 553.10-15. An inmate's personal property shall be considered contraband "unless the inmate was authorized to retain the item upon admission to the institution, the item was issued by authorized staff, purchased by the inmate from the commissary, or purchased or received through approved channels." 28 CFR § 553.12. "Staff shall seize any item ... which has been identified as contraband." 28 CFR § 553.13(a). Staff shall inventory the property and provide the inmate with a copy of the inventory. 28 U.S.C. § 553.13(b)(2)(i). The inmate shall have seven days following the receipt of the inventory to establish ownership of the seized contraband. 28 U.S.C. § 553.13(b)(2)(ii). If the inmate fails to establish ownership, the staff may destroy the property. 28 CFR § 553.13(b)(2)(v).
 
 
 6
 Here, defendants submitted evidence in their special report which established the following facts. Gomez was admitted to the Federal Correction Institution at Pleasanton, California, on December 5, 1988. At that time, an inventory of her personal property was taken, and no bracelets were listed among her possessions. On August 10, 1989, Gomez's personal property was again inventoried, and no bracelets were listed. Gomez signed both inventory forms, noting no discrepancies.
 
 
 7
 On December 15, 1989, a prison official learned that Gomez possessed six gold bracelets, concluded that she was not authorized to possess them, and decided to confiscate them as contraband. Gomez was unable to remove the bracelets, and, therefore, they were cut off with a wirecutter. A confiscation inventory report was prepared, which Gomez signed. On January 15, 1990, the bracelets were destroyed.
 
 
 8
 In her administrative claim, which was attached to defendants' special report, Gomez contends she was wearing the bracelets when she was admitted to Pleasanton and she wore them throughout her year at Pleasanton before they were confiscated. She contends she was never provided with a copy of the confiscation form, an opportunity to establish ownership, or an opportunity to make arrangements to mail them home. She further contends her attorney wrote to prison officials in November, 1989 and requested that the bracelets be mailed to her home if they were confiscated. A copy of the letter from her attorney was also attached to the special report.
 
 
 9
 Given the evidence in the special report, we conclude that there was a triable issue of fact as to whether prison officials were negligent in confiscating and destroying Gomez's bracelets. See Tzung, 873 F.2d at 1339-40; 28 CFR § 553.12-13.
 
 
 10
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3