985 F.2d 573
 61 Fair Empl.Prac.Cas. (BNA) 712
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Debora HILLDING, Plaintiff-Appellant,
v.
MCDONNELL DOUGLAS HELICOPTER COMPANY, a Delaware
corporation, Defendant-Appellee.
 No. 92-16250.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 2, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Debora Hillding appeals pro se the district court's order granting summary judgment in favor of McDonnell Douglas Helicopter Company ("MDHC") in her employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). Hillding contends that the district court erred by finding that (1) she was not subjected to a hostile work environment based on her gender, and (2) she failed to establish a prima facie case of disparate treatment regarding her discharge. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 Standard of Review
 
 3
 We review de novo a district court's grant of summary judgment. Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court applied the correct substantive law. Tzung v. State Farm Fire and Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 A. Sexual Harassment
 
 4
 In order to show a hostile or abusive work environment based on gender, Hillding must demonstrate that she was subjected to "severe or pervasive and unwelcome verbal or physical harassment because of ... [her] membership in a protected class." See Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir.1991) (citing Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 66-67 (1986)).
 
 
 5
 In April 1984, MDHC hired Hillding as a helicopter assembler. In December 1987, Hillding and two female employees submitted a written complaint entitled an "Avoid Verbal Orders" ("AVO") to MDHC's Human Resources Department. The AVO discussed the unprofessional practices of Hillding's then-supervisor Rich Otten and his mixed-gender "clique" of other employees. Otten and his group allegedly harassed Hillding and other female and male employees, who were outside the group.
 
 
 6
 Because both the "clique" and the harassed employees included both men and women, the district court found that Hillding failed to demonstrate that she was harassed because of her gender. Hillding does not dispute this finding. Instead, she argues that "misuse of power should be entitled to the same protection under Title VII ... [regardless of] whether it was also directed at a male employee or whether a female employee was an accomplice in executing it." See Appellant's Opening Brief at 8. We disagree. Title VII does not apply to such actions.
 
 
 7
 Accordingly, the district did not err by finding that Hillding failed to establish a claim of a hostile work environment based on sexual harassment, see Nownejad, 934 F.2d at 1109, and properly granted summary judgment, see Tzung, 873 F.2d at 1342.
 
 B. Discharge
 
 8
 To establish a prima facie case of intentional discrimination, a plaintiff has the burden of providing evidence "which give[s] rise to an inference of unlawful discrimination." Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981); see also Foster v. Arcata Associates, Inc., 772 F.2d 1453, 1459-61 (9th Cir.1985) (female employee presented sufficient evidence on claims of sex and age discrimination to create an inference of discriminatory conduct where male employee filled the position), cert. denied, 475 U.S. 1048 (1986).
 
 
 9
 While Hillding is not required to prove her prima facie case by a preponderance of evidence on a motion for summary judgment, mere assertions of discriminatory motive and intent are inadequate. See Foster, 772 F.2d at 1459; see also Forsberg v. Pacific Northwest Bell Telephone Co., 840 F.2d 1409, 1419 (9th Cir.1988) ("purely conclusory allegations of discrimination, with no concrete, relevant particulars, will not bar summary judgment").
 
 
 10
 In McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), the Supreme Court identified an appropriate model for establishing a prima facie case of disparate treatment. Foster, 772 F.2d at 1460.[1] Nevertheless, we have held that the "McDonnell Douglas four-part test is neither exclusive nor rigid, and that the facts sufficient to raise an inference of discrimination necessarily will vary depending upon the situation." Id.
 
 
 11
 In February 1988, Joe Frisbie replaced Rich Otten as Hillding's supervisor. Otten had no further supervision over Hillding. On April 7, 1988, Frisbie gave Hillding a verbal warning for having more than ten attendance infractions since January 27, 1988.
 
 
 12
 Hillding took an excused medical leave of absence from April 14, 1988 through April 20, 1988. On, Wednesday, April 20, Hillding contacted Frisbie and informed him that she would report to work the next day with a doctor's excuse for another medical leave. Hillding did not report to work or call in on the 21st or the 22nd, despite being scheduled to work both days. She also did not report to work on Monday, April 25th, but claims that she did call in. When Hillding failed to report for work or call in on the 26th, Frisbie and his supervisor, in consultation with members of MDHC's Human Resources department, jointly made the decision to terminate her for missing three consecutive work days without properly notifying her supervisor or Human Resources pursuant to MDHC rules.[2]
 
 
 13
 Following Hillding's termination, she received a memorandum outlining MDHC's "Ad Hoc Committee" arbitration procedure. Hillding asked that the committee investigate her termination to determine whether it was justified.[3] At the hearing, Hillding admitted that she did not report to work or call in on the days in question. Hillding stated that she was too ill, physically and emotionally, to report or call in. Nonetheless, Hillding stated that she had left her home and driven her car to a credit union during that time. The committee voted unanimously to affirm Hillding's termination.
 
 
 14
 Hillding appears to claim that the district court erred by finding that she failed to establish a prima facie case of disparate treatment because: (1) she did not violate the consecutive three-day rule; (2) her former supervisor, Rich Otten, placed inaccurate information in her personal file after he was replaced; and (3) the committee disregarded its procedures in order to terminate her. Even assuming that these claims are true, such claims are insufficient to establish a prima facie case of disparate treatment, without any evidence linking them to discrimination based on sex. See Forsberg, 840 F.2d at 1419.
 
 
 15
 Accordingly, the district court did not err by finding that Hillding failed to establish a prima facie case of discrimination and properly granted summary judgment. See id.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The disparate treatment model for a prima facie case of discrimination articulated by the Supreme Court in McDonnell Douglas required the plaintiff to show:
 (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.
 411 U.S. at 802 (footnote omitted). The disparate treatment theory may be utilized by female employees who claim that, due to their gender, they were treated less favorably than male employees in violation of Title VII. See Foster, 772 F.2d at 1458.
 
 
 [2]
 The relevant MDHC rule states in pertinent part that "[f]ailure to report to work for three (3) consecutive days without properly notifying supervisor or Human Resources" is "extremely serious and will normally result in discharge unless extenuating circumstances are present" (SER, Ex. 7)
 
 
 [3]
 The five-person committee consist of: 1) a peer chosen by the employee; 2) an employee relations representative; 3) a supervisor or above from a related department; 4) a peer of the employee, chosen by the aforementioned three members; and 5) the Manager of Employee Relations or the Manager of Human Resources, who would only vote in the event of a tie