991 F.2d 803
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abdul Lateef MATEEN, Plaintiff-Appellant,
v.
Carl NINK; Ray Polanco; Sherry Burright; Jim Cecil,
Defendants-Appellees.
 No. 92-16987.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 15, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abdul Lateef Mateen appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action. Mateen contends the defendants violated his constitutional right to due process by failing to issue him a second notice of disciplinary action when they placed him in detention a second time. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied 496 U.S. 937 (1990). Summary judgment is appropriate if the evidence, construed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fu-Kong Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). General or conclusory allegations will not withstand a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989).
 
 
 4
 To state a claim under section 1983, a plaintiff must show that defendants (1) acted under color of state law (2) to deprive plaintiff of rights secured by the Constitution or federal statutes. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 
 5
 A prisoner may not be deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). A prisoner involved in a disciplinary procedure which may result in sanctions must be afforded advance written notice of the claimed violation, a written statement of factual findings and the right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals. Id. at 563-67.
 
 
 6
 Here, Mateen concedes he received both advance written notice of his alleged disciplinary violation and a hearing. He contends only that his due process rights were violated because he did not receive a second notice when he was placed in detention for a second time. This contention lacks merit.
 
 
 7
 On March 15, 1991, Mateen was placed in a prison detention unit for alleged insubordination to a female correctional officer. Specifically, Officer Sherry Burright was stationed at the exit to the inmate dining hall in order to ensure that inmates with beards had shaving waivers. When she asked Mateen, who had a beard, whether he had a shaving waiver, Mateen responded, "I don't have time for you woman." Burright told Mateen to address her as "Officer," and instructed him to approach her. Mateen answered, "Woman, I'm in a hurry and I don't have time," and left the dining area. Burright completed and submitted an incident report to her superiors, who placed Mateen in a detention unit. Mateen received a disciplinary write-up for insubordination.
 
 
 8
 Subsequently, several other inmates approached Captain Polanco, requesting Mateen be released from detention so that he could participate in an upcoming religious celebration. Polanco spoke with Mateen and agreed to release him on condition that he not approach, harass, or otherwise confront Officer Burright. Polanco released Mateen from detention on March 16, 1991. On the same day, Mateen confronted Burright, addressing her a third time as "woman." On March 18, 1991, Mateen was again placed in a detention unit. Officer Burright completed a second incident report, but did not issue a second disciplinary write-up. Mateen was released from detention on April 4, 1991. The matter was heard on April 12, 1991, as a single disciplinary case. On April 30, 1991, the one disciplinary write-up Mateen had received was reversed due to a procedural error.[1]
 
 
 9
 Mateen was detained a "second" time only because he breached the specific condition upon which he was released from his original detention. Because both periods of detention stemmed from the same misconduct, prison officials did not violate Mateen's right to due process by failing to provide him with a second written notice of misconduct, see Wolff, 418 U.S. at 563-67.[2]
 
 
 10
 Accordingly, we affirm the district court's summary judgment.[3]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The record does not reveal the nature of that error
 
 
 [2]
 We reject defendants' contention that Mateen's section 1983 suit is not cognizable on the ground that he seeks compensation for a "pure due process" violation because his disciplinary penalty was reversed and he suffered no ultimate harm. A party may sue for damages under section 1983 for procedural or substantive due process violations. Carey v. Piphus, 435 U.S. 247, 266-67 (1978); Draper v. Coombs, 792 F.2d 915, 921 (9th Cir.1986)
 
 
 [3]
 Although defendants seek attorney's fees on appeal pursuant to 42 U.S.C. § 1988, we decline to award them. An award of fees to a prevailing defendant in a section 1983 action is only appropriate when the action brought is "unreasonable, frivolous, meritless, or vexatious." See Hyland v. Wonder, 972 F.2d 1129, 1143 (9th Cir.1992), petition for cert. filed, 61 U.S.L.W. 3653 (March 10, 1993) (No. 92-1478)