12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
EAST COLUMBIA BASIN IRRIGATION DISTRICT, Quincy-Columbia
Basin Irrigation District; South Columbia Basin
Irrigation District, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-36312.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1993.
Decided Dec. 15, 1993.
 
 1
 Before: BRUNETTI, LEAVY, and TROTT, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Appellants East Columbia Basin Irrigation District and South Columbia Basin District ("the Districts") appeal from the district court's grant of summary judgment to the United States. The Districts argue the formula for setting the Districts' power rate set forth in Article 22(c) of the 1968 Repayment Contract ("the contract") between the Districts and the United States includes the power generated at the Right, Left and Third Powerplants located at Grand Coulee Dam. The district court determined the formula in Article 22(c) of the contract was unambiguous and was to be based on power generated at only the Right and Left Powerplants. Thus, the district court granted the government's motion for summary judgment.
 
 
 4
 The district court had jurisdiction over this case pursuant to 28 U.S.C. Sec. 1331 (1988). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 5
 * STANDARD OF REVIEW
 
 
 6
 We review a grant of summary judgment de novo. T.W. Elec. Service, Inc. v. Pacific Electrical Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 II
 DISCUSSION
 
 7
 The issue in this case is whether the denominator used in the calculation set forth in Article 22(c) of the contract consists of all the power generated at the Left, Right, and Third Powerplants or whether the denominator should be limited to the power produced at only the Left and Right Powerplants. The United States contends that Article 22(c) in conjunction with Article 6(a)(2) as well as Article 55(a) demonstrate that the facilities to be taken into consideration relative to the power allocation cost formula are the Right and Left Powerplants.
 
 
 8
 Article 22(c) refers to the "presently constructed powerplant at Grand Coulee Dam." This language refers only to the Left and Right Powerplants. At the time the contract was negotiated, the Third Powerplant was far from completion and it is clear that the parties intended to exclude this powerplant from the formula.
 
 
 9
 Moreover, the Districts' contention that "Grand Coulee Dam" as used in Article 22 means the entire generating complex including the Third Powerplant overlooks the definition of Grand Coulee Dam and Powerplant found in Article 6(a)(2). Article 6(a)(2) defines the Grand Coulee Dam Powerplant as "presently constructed" and consisting of "18 main generating units" with specified production capacities. This description obviously refers only to the Right and Left Powerplants.
 
 
 10
 Finally, the Districts' reliance on Article 55(a) is misplaced. Article 55 is captioned "Title to Power Resources " and provides that all plants built, or to be built, by the United States as part of the Grand Coulee project shall be owned and controlled by the United States. Article 55(a) then states:
 
 
 11
 The United States shall have the water rights necessary to the operation and maintenance of such plants, subject to the rights of the District to be protected from any increased costs except as provided in Subarticle 22(c), and further subject to the right of the District to the unimpaired use of the project water supply.
 
 
 12
 (emphasis added). Article 55(a) refers to ownership of the project and protects the Districts from cost increases "except as provided in Subarticle 22(c)." Article 22(c) read in conjunction with Article 6(a) includes only the existing Right and Left Powerplants in the formula. Thus, Article 55(a) cannot be read as inclusion of the Third Powerplant in the formula to protect the Districts from the apparently unforeseen shift in power and resulting rate increase.
 
 
 13
 Viewing the case in the light most favorable to the Districts, we cannot hold there is a genuine issue of material fact as to the meaning of the formula set forth in Article 22(c) of the contract. The contract is clear and unambiguous. The Powerplants to be taken into consideration relative to the power allocation cost formula are only the Right and Left Powerplants. Thus, the extrinsic evidence brought to our attention is of no relevance. The district court's grant of summary judgment is therefore AFFIRMED.
 
 LEAVY, Circuit Judge, dissenting:
 
 14
 I respectfully dissent.
 
 
 15
 The district court based its entry of summary judgment in favor of the government on its finding that the formula set forth in Article 22(c) of the contract between the parties was unambiguous. The majority reaches the same conclusion. While I readily concede that the majority's construction of the contract may be a reasonable one, I cannot concur with the conclusion that the contract is unambiguous.
 
 
 16
 The essence of the contract can be summarized as follows:
 
 
 17
 1) The Districts' rate is fixed at one-half mill per kilowatt-hour.
 
 
 18
 2) This rate continues in effect until either
 
 
 19
 a) The construction charges for the "presently constructed Powerplant", i.e., the Left and Right generators, are paid off; or,
 
 
 20
 b) The Secretary revises the rate.
 
 
 21
 3) The Secretary can revise the rate upward only if he finds that the rate is inadequate to cover the costs of operating, maintaining, and replacing the "presently constructed powerplant", i.e., the Left and Right generators.
 
 
 22
 4) If the Secretary revises the rate upward, he must do so by allocating costs on the basis of Project use compared to all other use of power produced at the Grand Coulee Dam, i.e., all three generators.
 
 
 23
 The above summary is based on my reading of paragraphs (a) and (c) of Article 22, portions of which are as follows:
 
 
 24
 22(a). Out of the power and energy generated at the Grand Coulee Dam (presently constructed) Powerplant, there has been reserved to the Bureau of Reclamation and there shall continue to be reserved in perpetuity for the benefit of the irrigation system of the project that power and energy required for, among other purposes, the construction and operation and maintenance of the irrigation system. The power and energy made available therefor at said powerplant shall be at the rate of one-half mill ($.0005) per kilowatt hour.
 
 
 25
 22(c). The rate for power and energy at the Grand Coulee Dam Powerplant provided herein shall continue in effect until the district's construction charge obligation has been paid in full: Provided, That during such period rates may be revised from time to time as herein provided. Such revisions may be made by the Secretary, but revisions upward may be made only if the Secretary determines that the rate is inadequate to cover the costs of operation, maintenance, and replacement of the presently constructed powerplant at Grand Coulee Dam which are determined by the Secretary to be properly allocable to the production of the power and energy supplied for the operation and maintenance of the irrigation system, on the basis of the relative use of power and energy produced at Grand Coulee Dam for such purposes as compared with that used for other purposes; and the limit of rates revised upward shall be the amount deemed adequate to cover the costs of operation, maintenance, and replacement herein described, together with whatever costs are incurred in transmission by the United States to points of use as provided in (a) of this article.
 
 
 26
 The reference in Article 22(c) to the "presently constructed powerplant at Grand Coulee Dam" identifies those costs to be covered by the rate, viz., operation, maintenance, and replacement of the presently constructed powerplant. However, the district court's order does not deal with that language of the contract following "presently constructed powerplant at Grand Coulee Dam." The language omitted from the court's discussion refers to the method of allocation of costs, which is to be determined by calculating the relative use of power and energy "produced at Grand Coulee Dam" on the ratio of energy supplied for the irrigation system compared with that used for other purposes.
 
 
 27
 In line with the above, I believe that the Field Solicitor's memorandum of August 15, 1968, is sufficient to show that a genuine and material issue of fact exists. The memorandum states, in pertinent part:
 
 
 28
 "The districts have inserted the words 'to be protected from any increased costs ' and changed the rest of the wording to read 'and further subject to the right of the District to the unimpaired use of the Project water supply'. In other words, the construction of additional plants, including the Third Powerplant, shall not increase their costs, and power production shall not impair the districts' use of the project supply (probably including not adding to the cost of that supply through higher pump lifts, etc.). These provisions will mean that the districts will have to be cleared with on future power developments and arrangements made with the, if there is any possibility of increased costs or impairment, however slight, of their water supply."
 
 
 29
 CR 26, Exh. # 17, ER 7 (emphasis added).
 
 
 30
 Because I believe the above raises serious questions about the correct reading of the contract, I would reverse the district court's entry of summary judgment and remand for further proceedings.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3