15 F.3d 1089
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James SINCLAIR, et al., Plaintiff-Appellant,
v.
CITY OF LOS ANGELES, et al., Defendant-Appellant.
 No. 92-55505.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1993.
Decided Dec. 23, 1993.
 
 Before HUG, SCHROEDER, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Michael Weiss, the executor for the estate of James Sinclair, brings this Sec. 1983 action for damages, alleging that officers from the Los Angeles Police Department used excessive force on Sinclair and infringed upon Sinclair's First Amendment rights of free speech and association.
 
 
 3
 Weiss appeals the district court's grant of summary judgment dismissing Daryl Gates as a party defendant and also appeals the jury verdict in favor of the defendants. We affirm.
 
 
 4
 I. Lawfulness and Reasonableness of Detention
 
 
 5
 Weiss contends that in confronting the police officers, Sinclair was merely exercising his First Amendment right of free speech. He argues that the police officers were unjustified in arresting Sinclair. Furthermore, Weiss argues that they used excessive force in arresting Sinclair.
 
 
 6
 We reject this contention. A police officer may detain a person who acts in a manner which suggests that he poses imminent danger to persons or property. See generally Terry v. Ohio 392 U.S. 1 (1968).
 
 
 7
 A police officer's detention and handcuffing of a person may be justified as a Terry stop under certain circumstances. See e.g. Eberle v. Anaheim, 901 F.2d 814, 818-19 (9th Cir.1990) (police officer had reasonable justification for applying a fingerhold to unruly football fans where officer could fear for the personal safety of the other officers as well as for the safety of bystanders who might suffer injury if the altercation were to escalate). See also United States v. Taylor, 716 F.2d 701 (9th Cir.1983); United States v. Bautista, 684 F.2d 1286, 1289 (9th Cir.1982), cert. denied, 459 U.S. 1211 (1983); United States v. Thompson, 597 F.2d 187 (9th Cir.1979).
 
 
 8
 We hold that in this case, Officer Litman could reasonably perceive from Sinclair's behavior that Sinclair posed a real danger to the officers, the suspects, and himself, based on Sinclair's behavior, his position behind the two police officers, the fact that the officers were outnumbered by Sinclair and the suspects, and Sinclair's refusal to accede to Officer Litman's demands to leave the area. Thus, Officer Litman was justified in handcuffing and temporarily detaining Sinclair.
 
 
 9
 II. Constitutionality of California Penal Code Sec. 148
 
 
 10
 Weiss next contends that California Penal Code Sec. 148 is unconstitutional, under Houston v. Hill, 482 U.S. 451 (1987). As the California Court of Appeal has already concluded, see In re Andre P., 277 Cal.Rptr. 363 (1991), we conclude that Sec. 148 is not unconstitutional on its face.
 
 
 11
 A municipality is not powerless to punish obstruction of police action. Houston v. Hill, 482 U.S. 451, 463 n. 11. For example, it "constitutionally may punish an individual who chooses to stand near a police officer and persistently attempt to engage the officer in conversation while the officer is directing traffic at a busy intersection," under a properly tailored "disorderly conduct statute that makes it unlawful to fail to disperse in response to a valid police order or to create a traffic hazard." Hill at 463 n. 11. Such a statute may reach "contentious and abusive" speech where the speaker's shouting and running beside the officer physically obstructs an officer's investigation. Hill at 463 n. 11.
 
 
 12
 California Penal Code Sec. 148 satisfies the requirements of Houston v. Hill. Furthermore, Weiss has failed to meet his burden of demonstrating from the text of California Penal Code Sec. 148 "and from actual fact that a substantial number of instances exist in which the [l]aw cannot be applied constitutionally." New York State Club Assn. v. New York City, 487 U.S. 1, 14 (1988).
 
 III. Jury Instructions
 
 13
 Weiss contests the jury instructions on the grounds that they are incorrect statements of the law. We reverse only for an abuse of discretion, giving the trial judge "substantial latitude in tailoring the instructions so long as they fairly and adequately cover the issues presented." United States v. Benny, 786 F.2d 1410, 1416 (9th Cir.), cert. denied, 479 U.S. 1017 (1986). After a careful review of the jury instructions, we conclude that the district judge acted well within his discretion.
 
 IV. Summary Judgment Motion
 
 14
 Weiss contends that the district court erred in granting summary judgment dismissing L.A.P.D. Chief Daryl Gates, acting in his official capacity, as a party defendant.
 
 
 15
 To survive the City's motion for summary judgment Weiss must show that Gates' official liability is "attributable to official policy or custom." Larez v. City of Los Angeles, 946 F.2d 630, 645 (9th Cir.1991).
 
 
 16
 We conclude that the district court correctly applied the relevant substantive law, and viewing the evidence in the light most favorable to the nonmoving party, that there are no genuine issues of material fact. See Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 V. Motion for New Trial
 
 17
 Weiss' final argument on appeal is that the district court abused its discretion in denying his motion for a new trial. Because Weiss failed to even allege in what ways the district court abused its discretion, we reject this contention as meritless.
 
 VI. Conclusion
 
 18
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3