24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Ralph MERTEN, Plaintiff-Appellant,
v.
SOUTHERN CALIFORNIA RAPID TRANSIT DISTRICT, Defendant-Appellee.
 No. 93-55946.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1994.
Decided April 11, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph Merten appeals pro se the district court's summary judgment in favor of the Southern California Rapid Transit District (RTD) in his employment discrimination action alleging age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq. (ADEA), and the Fair Labor Standards Act, 29 U.S.C. Sec. 210 et seq. (FLSA). Merten contends the district court erred by finding that he had failed to introduce sufficient evidence to establish a prima facie case of age discrimination and rejecting his FLSA claim because he was never an employee of RTD. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. Lindahl v. Air France, 930 F.2d 1434, 1436 (9th Cir.1991). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court applied the correct substantive law. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). The party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material fact.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Lindahl, 930 F.2d at 1437 (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)) (quotation marks omitted).
 
 
 4
 The ADEA forbids discrimination on the basis of age when making employment decisions. 29 U.S.C. Sec. 623(a)(1). ADEA protections apply to individuals between the ages of 40 and 70. 29 U.S.C. Sec. 631(a).
 
 
 5
 Merten was over 40-years old when he applied for a position as a Rail Equipment Maintenance Specialist with RTD in August 1989. The position involved knowledge and understanding of large traction motors and of rail car and engine maintenance. At the time of his application, Merten had been unemployed for the previous six years, except for a one-month stint one year earlier working for another company on electrical equipment allegedly of a type similar to that used by RTD. Other than this, Merten had no experience working with large traction engines and had never worked on rail cars, although he did have some experience working with elevators, fork lifts and golf carts previous to his extended period of unemployment.
 
 
 6
 Based on his application, Merten was called in for further evaluation. This consisted of a written test followed by an interview. Both the test and the interview were scored, and applicants were informed that only those who passed both were to be considered for the open positions. Merten passed the written test, but failed the oral interview. The interview was conducted by three persons, each of whom graded Merten separately in four categories. A score of 70 was required to pass. None of the three interviewers scored Merten over 63. No offer of employment was extended to Merten.
 
 
 7
 Even assuming that the district court incorrectly determined that Merten failed to make out a prima facie case of age discrimination, we nonetheless hold that RTD met its burden of articulating a legitimate and nondiscriminatory reason for the decision not to hire Merten. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir.1991).
 
 
 8
 In affidavits submitted in support of RTD's summary judgment motion, two of the three interviewers noted that they were concerned about Merten's extended period of unemployment. The same two interviewers felt that Merten did not have enough relevant work experience to be a successful candidate. The third interviewer did not find Merten to be technically qualified during the interview. All three interviewers averred that age played no part in their decisions.
 
 
 9
 Merten must "raise a genuine factual issue as to whether the articulated reason was pretextual" in order to overcome RTD's apparently legitimate reasons for its employment decision. See Sischo-Nownejad, 934 F.2d at 1110.
 
 
 10
 Merten argues that the interviewers' unfavorable evaluations were simply a pretext for age discrimination. In support of this allegation, he points to his resume, which lists an extensive employment history in fields related to electrical systems repair and maintenance. He claims that this resume demonstrates his suitability for the position. We note that the resume also evidences extensive periods of unemployment and fails to demonstrate any experience with rail systems or the maintenance of rail engines.
 
 
 11
 He also argues that RTD's statement in its supplemental reply to his opposition to the summary judgment motion clearly evidences age bias. In that reply, RTD argued that, although Merten "emphasizes the length of time he has been doing what he considers to be related work[,] ... [i]n a developing technical field, experience in the 1950s and 1960s cannot be assumed to be relevant or helpful, and may be a liability." We discern nothing suspect in this statement.
 
 
 12
 Finally, he claims that he could prove age bias if permitted to cross-examine witnesses. Merten, however, "cannot carry [his] burden simply by restating the prima facie case and expressing an intent to challenge the credibility of [RTD's] witnesses on cross-examination." See Lindahl, 930 F.2d at 1437-38.
 
 
 13
 Merten's arguments essentially reduce to a challenge to the credibility of the affidavit declarants. Such a challenge is insufficient to withstand a summary judgment motion absent specific facts "evidencing discriminatory motive or showing that the employer's explanation is not credible." See Lindahl, 930 F.2d at 1438.[1]
 
 
 14
 Furthermore, because it is undisputed that Merten was never employed by RTD, the district court properly granted summary judgment on any claims under the FLSA.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court granted summary judgment based upon its finding that Merten had failed to make out a prima facie case of age discrimination, we do not find this issue so easily resolved. Nonetheless, "we are free to affirm on any ground fairly presented by the record." See New Kids on the Block v. New America Publishing, Inc., 971 F.2d 302, 305 (9th Cir.1992). The question of whether RTD met its burden on the issue of pretext was argued by both parties before the district court and we have resolved the instant appeal on that basis