35 F.3d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael SCHWEMBERGER, Plaintiff-Appellant,
v.
The REGENTS OF the UNIVERSITY OF CALIFORNIA, Jeanne M.
Wilson, individually, Kjell Doksum, individually, Seinwen
Carney, individually, Margret Distasi, individually, Thomas
Laqueur, individually, John Gausted, individually, Hug
McLean, individually, Daniel Melia, individually, Robert
Knapp, individually, Defendant-Appellee.
 No. 93-15995.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 30, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Schwemberger appeals pro se the district court's summary judgment for the Regents of the University of California (Regents) and named individuals in his discrimination action alleging numerous federal and state causes of action. Schwemberger contends the district court erred by finding his causes of action were barred by the applicable statutes of limitations. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Wedges/Ledges, Inc. v. City of Phoenix, 24 F.3d 56, 62 (9th Cir.1994). Viewing the evidence in the light most favorable to the nonmoving party, we determine whether there are any genuine issues of material fact and whether the district court applied the correct substantive law. Tzung v. State Farm Fire and Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 
 4
 Here, Schwemberger alleged discrimination based upon a learning disability, dyslexia, during his undergraduate years of study, 1978 through 1984 at the University of California-Berkeley. He alleged that discrimination based upon the disability resulted in low grades and in his inability to get into medical school. He further alleged discrimination during 1985-86, the first year of his master's degree program at the University of California-Davis. Schwemberger claims the Regents and the individual defendants failed to refer him to campus learning centers, and to allot him additional time on his examinations.
 
 
 5
 Schwemberger filed his complaint against the Regents in September 1989. He filed a second amended complaint to include the individual defendants in August 1990. The district court concluded that Schwemberger's ten causes of action were time-barred, finding a 1-year statute of limitations for the sole claim against the Regents, and 1- to 4-year statutes of limitations for his remaining claims against the individual defendants.
 
 
 6
 Schwemberger appears to argue that, because his past low grades continue to affect his ability to secure fellowships and teaching assistant positions, his claims were actionable under the "continuing violation" theory. We have previously considered and rejected this argument. See McDougal v. County of Imperial, 942 F.2d 668, 674-75 (9th Cir.1991) (continuing violations of law are actionable, not continuing impact from past alleged violations). Accordingly, the district court properly granted summary judgment for the defendants.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In light of our holding, we need not consider the defendants' alternative arguments